## UNITED STATES of America, Plaintiff–Appellee,

v.

## Carlos CHAVARIA–ANGEL, Defendant–Appellant.

No. 00–10465.

D.C. No. CR–00–00089–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 23, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Federal prisoner Carlos Chavaria–Angel appeals the seventy month sentence imposed following his guilty plea to one count of being found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and vacate and remand.

Chavaria–Angel contends the district court erred by enhancing his sentence, under U.S.S.G. § 2L1.2(b)(1)(A) (1998), on the basis of his two prior convictions for delivery of a controlled substance, which were not pleaded in the indictment. Chavaria–Angel concedes this contention is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir. 2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (stating *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) did not overrule *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

Chavaria–Angel further contends the district court erred by applying the enhancement because the two prior convictions did not facially qualify as aggravated felonies. Because Chavaria–Angel did not timely object, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Luna–Herrera*, 149 F.3d 1054, 1056 n. 5 (9th Cir.1998). The error was plain because the record did not demonstrate that Chavaria–Rivera's convictions necessarily resulted in felony punishment, and his substantial rights were affected because none of his other convictions supported the section 2L1.2(b)(1)(A) enhancement. *See United States v. Rivera–Sanchez*, 247 F.3d 905, 909 (9th Cir.2001) (en banc); *cf. United States v. Ibarra–Galindo*, 206 F.3d 1337,

1339 (9th Cir.2000), *cert. denied,* ——— U.S. ———, 121 S.Ct. 837, 148 L.Ed.2d 718 (2001) (noting conviction must be for a felony under either state or federal law to qualify as an aggravated felony). As such, Chavaria–Angel's sentence is vacated and remanded to permit the district court to conduct a *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) analysis.

Chavaria–Angel was convicted of violating § 1326(a) and (b). The government concedes it was error for the judgment to refer to § 1326(b). We remand to the district court with instructions to enter a corrected judgment that does not refer to 8 U.S.C. § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000).

VACATED and REMANDED.