**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos CHAVARIA–ANGEL, aka Guadalupe Garcia, aka Guadalupe Chevarria–Garcia, Defendant–Appellant.**

**No. 01–10616.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2003.

Filed March 26, 2003.

Jason Carr and Paul G. Turner, Assistant Federal Public Defenders, Las Vegas, NV, for the defendant-appellant.

Karyn Kenny and Robert A. Bork, Assistant United States Attorneys, Las Vegas, NV, for the plaintiff-appellee.

Before: HUG, ALARCÓN, and GRABER, Circuit Judges.

GRABER, Circuit Judge.

Defendant Carlos Chavaria–Angel was convicted of unlawful reentry by a deported alien, in violation of 8 U.S.C. § 1326(a).

After pleading guilty, he was sentenced as an aggravated felon under U.S.S.G. § 2L1.2(b)(1)(A), based on his prior state convictions for delivery of a controlled substance. He appeals his sentence, arguing that the district court erred by relying on uncertified court records to establish the nature of the prior offenses. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 2000, the government filed an indictment in federal court, charging Defendant with unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a). He pleaded guilty. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A),[1] the district court sentenced Defendant as an aggravated felon because of his prior convictions under Oregon Revised Statute § 475.992 for "delivery of a controlled substance." This enhancement increased the offense level of Defendant's crime by 16 levels, resulting in a sentence of 70 months of confinement and 3 years of supervised release.

In an earlier appeal, Defendant asserted that the government had not properly proved that his prior convictions were aggravated felonies. We agreed. *United States v. Chavaria–Angel*, 14 Fed.Appx. 936 (9th Cir.2001) (unpublished disposition). We held that the record did not demonstrate that Defendant's convictions necessarily had resulted in felony punishment and that the convictions did not facially qualify as aggravated felonies. *Id.* at 937. We therefore vacated the sentence and remanded to allow the district court to apply the analysis set forth in *Taylor v.*

*United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *Id.* at 938.

At resentencing, the district court conducted an inquiry into the nature of Defendant's prior convictions. Relying on an uncertified copy of Defendant's Oregon court records, the district court concluded that the convictions were, indeed, for aggravated felonies. The court then re-imposed the original sentence of seventy months of confinement and three years of supervised release.

Defendant filed a timely notice of appeal.

## STANDARD OF REVIEW

■ We review de novo whether the aggravated felony provision of the sentencing guidelines has been applied properly. *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001) (en banc).

## DISCUSSION

A. *Are certified court records required?*

Defendant first argues that the district court committed reversible error when it relied on uncertified court records as evidence of his prior convictions. He cites several cases in support of that proposition, but none of them unequivocally requires district courts to use certified records in sentencing proceedings.

Defendant relies largely on *United States v. Phillips*, 149 F.3d 1026 (9th Cir. 1998). There, we held that certified records provided sufficient evidence of a prior

---

1. Before November 1, 2001, U.S.S.G. § 2L1.2(b) provided:

(1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):

(A) If the conviction was for an aggravated felony, increase by 16 levels.

(B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels.

U.S.S.G. § 2L1.2(b) (2000). This was the version of the guidelines under which Defendant was sentenced.

conviction to justify sentencing enhancements under the Armed Career Criminal Act of 1984. *Id.* at 1033. We said that "[t]he government carried its burden ... by submitting unchallenged, certified records of conviction and other clearly reliable evidence." *Id.*

Defendant reads too much into that passage. Although *Phillips* held that certified records are *sufficient* to prove a prior conviction, it did not hold that certified records are *necessary* to prove a prior conviction. Indeed, by using the phrase "other clearly reliable evidence," we signaled that certified records of conviction were not the only appropriate means of proof.

Defendant also seeks support for his position in the panel opinion in *United States v. Matthews,* 240 F.3d 806 (9th Cir. 2001). That decision does not aid him, for three reasons.

First, the panel in *Matthews* addressed the question whether the mere labeling of a defendant's prior crimes as "burglaries" in a presentence report was sufficient to justify application of a sentencing enhancement under the Armed Career Criminal Act. *Id.* at 820. Thus, the issue was whether the government was required to present *any* records of conviction at all; certification of records was not addressed.

Second, the panel disclaimed any intention to articulate a new legal standard. *Id.* at 821. Instead, the panel merely reiterated a principle "previously" announced in cases such as *United States v. Potter,* 895 F.2d 1231 (9th Cir.1990), and *Phillips. Id.* Because neither *Potter* nor *Phillips* requires the use of certified records, the *Matthews* decision must be read as simply repeating the holding of those decisions, namely, 4352 that a sentencing court may not rely solely on the classification of predicate offenses in a disputed presentence report. *Potter,* 895 F.2d at 1238; *Phillips,* 149 F.3d at 1033.

Finally, the panel's decision in *Matthews* retains precedential value only to the extent that it was adopted in the subsequent en banc decision in the same case. *United States v. Matthews,* 254 F.3d 825 (9th Cir. 2001). The en banc court, in "summariz[ing] the panel's analysis of the sentencing issue," noted that a sentencing court may find evidence of a prior conviction "from a variety of sources, including the statutes of conviction themselves, copies of the judgments of conviction, or other documentary evidence that 'clearly establishes' the statutes under which [the defendant] was convicted or the elements of those statutes." *United States v. Matthews,* 278 F.3d 880, 884–85 (9th Cir.) (en banc), *cert. denied,* 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002) (citations omitted). Thus, the en banc court in *Matthews* did not require the use of certified records; to the extent that the panel decision suggests otherwise, it is no longer good law.

■ Nor does any other Ninth Circuit case mandate the use of certified records, to the exclusion of other kinds of material. In fact, several cases hold that the government may prove a defendant's prior convictions through many different types of evidence. *See, e.g., United States v. Rivera–Sanchez,* 247 F.3d 905, 908 (9th Cir. 2001) (en banc) (explaining that a conviction may be proved through "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes" (citation and internal quotation marks omitted)); *Potter,* 895 F.2d at 1238 (noting that prior convictions may · be proved through "copies of the judgments of conviction ... [or] by some other form of clearly reliable evidence"). Further, the rules of evidence do not apply in sentencing proceedings and, therefore, district courts may consider all relevant evidence when sentencing a defendant. Fed.

R.Evid. 1101(d)(3); 18 U.S.C. § 3661; *United States v. Petty*, 982 F.2d 1365, 1367–68 (9th Cir.1993).

■ To be sure, in this circuit, district courts may not rely exclusively on the charging documents or the presentence report as evidence of a prior conviction. *See, e.g., United States v. Parker*, 5 F.3d 1322, 1327 (9th Cir.1993) (stating that charging papers alone are never sufficient); *United States v. Corona–Sanchez*, 291 F.3d 1201, 1212 (9th Cir.2002) (en banc) (noting that a "presentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition"). Those limitations pose no problem here, because the government submitted copies of the charging documents, judgments of conviction, and statements of conviction, which together provide details of Defendant's prior offenses. *See id.* at 1211 (stating that such documents are sufficient).

The out-of-circuit cases on which Defendant relies also stand for the limited principle that certified records are a *sufficient* means for the government to prove a prior conviction. For example, *United States v. Clark*, 735 F.Supp. 861, 866 (N.D.Ill.1990), supports only the proposition that certified records are one way by which the government may satisfy its burden to prove a prior conviction: "This burden may initially be satisfied by the introduction in evidence of a certified copy of the prior conviction which has no constitutional defects apparent on its face." The same is true of *United States v. Hudspeth*, 42 F.3d 1015, 1019 n. 6 (7th Cir.1994), in which the court noted that "[a] certified record of conviction or a presentence investigation report, if not challenged, will normally satisfy this showing."

In fact, at least two other circuits have explicitly rejected the idea that the gov-

ernment *must* offer certified records in order to prove a prior conviction. In *United States v. Acosta*, 287 F.3d 1034, 1036 (11th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 321, 154 L.Ed.2d 219 (2002), the Eleventh Circuit faced a situation in which the records of a defendant's prior adjudication were sealed because he had committed the offense as a juvenile. The government was therefore able to obtain only an uncertified copy of the records of the defendant's conviction. *Id.* at 1038. Despite the defendant's argument that the uncertified records were insufficient evidence, the court held that the government had proved the defendant's prior conviction beyond a reasonable doubt. *Id.*

■ Similarly, the Third Circuit in *United States v. Watkins*, 54 F.3d 163, 168 (3d Cir.1995), declined to adopt a rule that would have required the government to produce certified records in order to prove a defendant's prior conviction:

[The defendant] is forced to argue for a *per se* rule that certified copies of the judgments of conviction are required in every case before a sentencing court may determine that the defendant's prior convictions are for "violent felonies".... We find no persuasive justification for such an inflexible rule and decline to adopt it.

We follow both the implications of our own previous cases and the lead of our sister circuits and reject Defendant's invitation to create a per se or absolute rule requiring the use of certified records. We recognize that the use of certified records is an effective, efficient, and perhaps even preferable method of proving the circumstances underlying a prior conviction, but we find nothing in the statute, the case law, or logic that would require it.

B. *Do the records in this case support the district court's conclusion?*

■ In the alternative, Defendant argues that the particular documents submitted by the government were ambiguous and therefore inadequate to prove that Defendant's prior convictions were for aggravated felonies. We disagree.

The government offered exhibits evidencing two separate convictions for delivery of a controlled substance in Multnomah County, Oregon, in violation of Oregon Revised Statute § 475.992. These documents are sufficient to prove by clear and convincing evidence that Defendant's convictions were aggravated felonies within the meaning of U.S.S.G. § 2L1.2. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1161 (9th Cir. 2000) (assuming, without deciding, that for sentencing enhancements under U.S.S.G. § 2L1.2(b)(1)(A) the government must prove a defendant's prior aggravated felony conviction by clear and convincing evidence).

In Exhibit 1, the government presented three documents relevant to the sentencing analysis. The first document was an indictment charging two drug-related crimes. Count one charged delivery of cocaine, a Schedule II controlled substance. Count two charged possession of a controlled substance. Four case numbers appeared on the indictment, two of which were 96–01–30234 and DA 1082802. Attached to the indictment was a five-page judgment of conviction with those same case numbers. It detailed a conviction based on a guilty plea and stated that count two of the indictment was dismissed. A third document, entitled "Petition to Plead Guilty/ No Contest and Waiver of Jury Trial," also contained the two case numbers set forth above. The word "Guilty" was circled and the document explained that Defendant had pleaded guilty to only count one of the indictment (delivery of cocaine). The facts admitted by Defendant were: "I sold cocaine to an undercover agent on 12–17–95." This statement was signed by Defendant and his lawyer and was dated the day before the judgment of conviction.

In Exhibit 2, the government presented three other documents evidencing a second drug conviction. The first of the documents was another indictment. Count one charged delivery of heroin, a Schedule I controlled substance. Count two charged delivery of cocaine, a Schedule II controlled substance. Counts three and four charged possession of a controlled substance. Only two case numbers appeared on this indictment: 96–12–39145 and DA 1113954. Attached was a seven-page judgment of conviction and sentence, recording a guilty plea to counts one and two of the indictment and dismissal of counts three and four. The judgment of conviction contained the same case numbers as the indictment. In addition, the government presented a third document entitled "Petition to Plead Guilty/No Contest and Waiver of Jury Trial." This document was signed by Defendant and his counsel on the same day as the proceeding giving rise to the judgment of conviction. In that statement, Defendant admitted: "I sold heroin on 12–11–96 for money," and "I sold cocaine on 12–11–96 for money." The document also explains that Defendant was pleading guilty to counts one and two, or "DCS [Delivery of a Controlled Substance, Schedule] I" and "DCS II."

Defendant has mounted no challenge to the authenticity of any of the documents presented in Exhibits 1 and 2. Thus, the government has met its burden of proving Defendant's prior convictions for delivery of a controlled substance.

Both of Defendant's convictions were aggravated felonies within the meaning of U.S.S.G. § 2L1.2. "Aggravated felony" is

defined for purposes of U.S.S.G. § 2L1.2 at 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, cmt. n. 1 (2000). Title 8 U.S.C. § 1101(a)(43) defines "aggravated felony" as "including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). According to 18 U.S.C. § 924(c), a "drug trafficking crime" means "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). The relevant provision of the Controlled Substances Act states that a "felony" is "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). Relying on case law and federal statutes, we have held that an offense is to be classified as a felony for purposes of the Controlled Substances Act only if it is "punishable by more than one year's imprisonment under applicable state or federal law." *United States v. Robles–Rodriguez*, 281 F.3d 900, 904 (9th Cir. 2002). Under this standard, Defendant's convictions are aggravated felonies for purposes of § 2L1.2, because they are punishable by more than one year's imprisonment under applicable state law. Or.Rev.Stat. § 475.992(1)(a)-(b) (2000) (stating that delivery of a controlled substance in Schedule I is a Class A felony, and delivery of a controlled substance in Schedule II is a Class B felony); Or.Rev. Stat. § 161.605(1)-(2) (stating that the maximum penalty for a Class A felony is 20 years' imprisonment and the maximum penalty for a Class B felony is 10 years' imprisonment).

Accordingly, the documents presented in Exhibits 1 and 2 meet the government's burden of proving that Defendant was convicted of aggravated felonies.

AFFIRMED.