**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bryan GRANBOIS, Defendant–
Appellant.**

**No. 03–30383.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Filed July 22, 2004.

David F. Ness, Federal Defenders of Montana, Great Falls, MT, for the defendant-appellant.

Klaus P. Richter, U.S. Attorney's Office, Billings, MT, for the plaintiff-appellee.

Before PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

## OPINION

THOMPSON, Senior Circuit Judge:

In this appeal we hold that a prior conviction for abusive sexual contact under 18 U.S.C. § 2244(a)(3) constitutes a conviction of a "crime of violence" for purposes of the Career Offender Guideline, U.S.S.G.

§ 4B1.1. Accordingly, we affirm the appellant Bryan Granbois's sentence.[1]

## BACKGROUND

After a jury trial, Granbois was convicted of aggravated sexual abuse of a minor in violation of 18 U.S.C. §§ 1153 and 2241(c). At sentencing, the district court determined that Granbois was a career offender under U.S.S.G. § 4B1.1. The court found that Granbois's two prior convictions for abusive sexual conduct—a 1996 conviction under 18 U.S.C. § 2244(a)(3) and a 1998 conviction under 18 U.S.C. § 2244(a)(1)—qualified as "crimes of violence" within the meaning of the Guideline.

Although Granbois conceded that his 1998 conviction was a "crime of violence," he argued that his conviction under 18 U.S.C. § 2244(a)(3) was not. The court rejected this argument and sentenced Granbois as a career offender.

Absent the career offender enhancement, Granbois's total offense level would have been 33 and his criminal history category would have been IV, resulting in a Guideline range of 188–235 months. With the career offender enhancement, Granbois's total offense level was 37 and his criminal history category was VI, resulting in a Guideline range of 360 months to life. The court sentenced Granbois to life in prison.

## DISCUSSION

■ Granbois contends that the district court erred in determining that his 1996 conviction for abusive sexual contact in violation of 18 U.S.C. § 2244(a)(3) qualifies as a "crime of violence" for purposes of U.S.S.G. § 4B1.1. We disagree.

Guideline Section 4B1.1 provides for a significant sentence enhancement if the district court determines that the defendant is a "career offender." A defendant is a "career offender" if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

It is undisputed that the first two career offender requirements have been met. The question we confront in this appeal is whether the third requirement has been satisfied. Granbois concedes that his 1998 conviction under 18 U.S.C. § 2244(a)(1) qualifies as a "crime of violence," but argues that his 1996 conviction for abusive sexual contact under 18 U.S.C. § 2244(a)(3) does not.

The term "crime of violence," as used in Section 4B1.1, is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2. Application Note 1 to Section 4B1.2 further explains:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or

---

1. In a memorandum disposition filed concurrently with this opinion, we resolve other issues raised on appeal by Granbois and affirm his conviction.

threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

(emphasis added).

Under 18 U.S.C. § 2244(a)(3), it is a crime for a person to have sexual contact with a child who has attained the age of 12 years but has not attained the age of 16 years and is at least four years younger than the perpetrator. "Sexual contact" includes a broad range of conduct including "intentional touching either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

■ Granbois argues that under the categorical approach mandated by *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), his 1996 conviction for violating 18 U.S.C. § 2244(a)(3) cannot be classified as a "forcible sex offense" or an offense that, by its nature, presents "a serious potential risk of physical injury to another," because § 2244(a)(3), which criminalizes sexual contact with a minor who has attained 12 but not 16 years of age does not include a requirement of force. He argues that the lack of the need to establish force in a prosecution under 2244(a)(3) is demon-

strated by the hypothetical circumstance that a nineteen-year-old boy who touches his fifteen-year-old girlfriend over the clothing on her inner thigh could be found guilty of violating 18 U.S.C. § 2244(a)(3).[2]

Whether non-forcible sexual contact between a nineteen-year old and a fifteen-year old actually presents a serious risk of physical injury to another is a question we need not decide. Our opinion is guided by this court's decision in *United States v. Pereira–Salmeron*, 337 F.3d 1148 (9th Cir. 2003), which explained that crimes involving the sexual abuse of a minor are *per se* "crimes of violence."

In *Pereira*, the question was whether a prior felony conviction under Virginia law for carnal knowledge, without the use of force, of a child between 13 and 15 years of age constituted a conviction for a "crime of violence" for purposes of U.S.S.G. § 2L1.2, which governs sentences for unlawful reentry into the United States. Based on the definition of "crime of violence" in the Application Notes to § 2L1.2, we determined that the conviction there at issue was a "crime of violence," warranting the imposition of a 16–level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

The Application Notes to § 2L1.2, which were adopted as part of a 2001 amendment to U.S.S.G. § 2L1.2 and which were applicable in *Pereira*, provided:

"Crime of violence"—

(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened

---

**2.** When a statute criminalizes both conduct that does and does not qualify as a "crime of violence," a court may use a modified categorical approach under which the court may examine documents in the record of conviction to determine whether there is sufficient evidence that the defendant was convicted of conduct meeting the definition of a "crime of

violence." *United States v. Wenner*, 351 F.3d 969, 972 (9th Cir.2003). In this case, the judgment was the only document from the record of conviction before the district court. The judgment did not include any information beyond the statutory charge. Therefore, the district court's inquiry was limited to the statute of conviction.

use of force against the person of another; and

(II) includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (*including sexual abuse of a minor*), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii)(2002) (emphasis added).

We explained in *Pereira* that any offense listed in subpart (II) of the application notes to § 2L1.2 is inherently deemed to be a "crime of violence," regardless of whether the threatened use of force against the person of another, as set forth in subpart (I), is an element of the given offense. *Pereira*, 337 F.3d at 1150. "The drafters of the provision likely identified those crimes as inherently posing an implicit 'threatened use of force' . . . even though 'force,' as such, is not an essential element for conviction of those offenses." *Id.*

We also explained that the phrase "sexual abuse of a minor" in subpart (II) was intended to include abuse that does not include the use of force: "Thus, an offense constituting 'sexual abuse of a minor,' whether it includes—or even explicitly excludes—'force' as an element, is deemed to be a 'forcible sex offense' and thus a 'crime of violence' for the purposes of this Guideline." *Id.* at 1152.[3] Because Pereira's prior offense constituted "sexual abuse of a minor," we concluded that Pereira was convicted of a "crime of violence."

Although *Pereira* concerned the definition of "crime of violence" under U.S.S.G. § 2L1.2, and this case concerns the definition of "crime of violence" under U.S.S.G. § 4B1.1, *Pereira* controls our decision. In *Pereira*, we explained that the term "crime of violence" does not take on different meanings depending on where it appears in the Guidelines:

We acknowledge that different words are used in some other definitions of "crime of violence" in the Guidelines and its notes. It would perhaps be clearer if the Commission used a more consistent definition. But there is no indication that the term is intended to mean something different for this provision than it does elsewhere . . . .

*Id.* at 1153.

Granbois's 1996 conviction for engaging in sexual contact with a minor in violation of 18 U.S.C. § 2244(a)(3) falls within the category of "sexual abuse of a minor." *See United States v. Baron–Medina*, 187 F.3d 1144, 1147 (9th Cir.1999) (explaining that the use of young children for the gratification of sexual desires is conduct that falls within the common, everyday meanings of the words "sexual," "abuse," and "minor"). The 1996 conviction, therefore, qualifies as a "crime of violence" for purposes of the Career Offender Guideline.

## CONCLUSION

Granbois's 1996 conviction for abusive sexual contact under 18 U.S.C. § 2244(a)(3) constitutes a "crime of violence" within the meaning of U.S.S.G. § 4B1.1. Therefore, the district court did

---

**3.** The commentary to § 2L1.2 was amended, effective November 1, 2003, by Amendment 658. The Application Notes now provide that "crime of violence" means any of the following: "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor. . . ." This amended definition "makes clear that the enumerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." *U.S. Sentencing Guidelines Manual*, app. C (2003).

not err when it used that conviction, in addition to Granbois's unchallenged 1998 conviction, to determine that he was a career offender.

Granbois's sentence is AFFIRMED.