**Dunard Purisima TABALANZA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–71969.

Agency No. A43–973–064.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Sept. 9, 2003.

Decided Sept. 30, 2004.

Carter C. White, Davis, CA, for Petitioner.

James F. Smith, Davis, CA, Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily Anne Radford, Terri Leon–Benner, Carolyn Piccotti, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Dunard Purisima Tabalanza petitions for review of an order of the Board of Immigration Appeals ("BIA") ordering him removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which makes an alien removable for having committed an aggravated felony. "Aggravated felony" is defined under 8 U.S.C. § 1101(a)(43)(A) to include "sexual abuse of a minor." Tabalanza argues that he has not been convicted of an "aggravated felony" under § 1101(a)(43)(A).

We do not have jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a[n aggravated felony.]" 8 U.S.C. § 1252(a)(2)(C). We do have jurisdiction, however, to consider the limited question of whether we have jurisdiction. That is, we may review whether Tabalanza has been convicted of an aggravated felony as defined under § 1101(a)(43)(A). *Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1065 (9th Cir.2003).

Under the "categorical approach" laid out in *Taylor v. United States,* 495 U.S.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), "[t]he crime defined by [§ 261.5(c)] qualifies as 'sexual abuse of a minor' and hence an aggravated felony if and only if the full range of conduct covered by it falls within the meaning of that term." *United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999) (internal quotations and citation omitted). "If the state statute is over-inclusive, meaning that conduct that does and does not qualify as an aggravated felony is criminalized, we analyze the statute under a modified categorical approach." *Ruiz–Morales v. Ashcroft,* 361 F.3d 1219, 1222 (9th Cir.2004) (quotation and citation omitted). Under the modified categorical approach, "courts may examine the record for documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc) (quotation and citation omitted). We may examine "the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty" to an aggravated felony. *Id.*

Tabalanza pled *nolo contendre* and was convicted of violating California Penal Code § 261.5(c), which criminalizes sex with minors who are three years younger than the perpetrator. Even assuming California Penal Code § 261.5(c) is overly broad and fails the categorical test, Tabalanza's conviction nonetheless constitutes an aggravated felony under a modified categorical approach. In the record before us, we are confronted with Tabalanza's judgment of conviction of California Penal Code § 261.5(c), which is based on Tabalanza's *nolo contendere* plea. We are also confronted with a criminal complaint, which charges that Tabalanza had sexual intercourse with a girl, aged 14 years old. "When a defendant pleads guilty (or as

here, pleads *nolo contendere*) to facts stated in the conjunctive, each factual allegation is taken as true." *United States v. Williams,* 47 F.3d 993, 995 (9th Cir.1995). Tabalanza's judgment of conviction therefore establishes that he was convicted for having sex with a 14–year–old.

Under our case law, sexual conduct with a 14–year–old qualifies as "sexual abuse of a minor." *See United States v. Granbois,* 376 F.3d 993, 996 (9th Cir.2004) (conviction under federal law for sexual contact with minor between ages of 12 and 16 by perpetrator who is four years older is "sexual abuse of a minor"); *United States v. Pereira–Salmeron,* 337 F.3d 1148, 1149 (9th Cir.2003) (conviction under Virginia law for "carnal knowledge" without use of force of a child between the ages of 13 and 15 is "sexual abuse of a minor."); *see also See United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999) (use of young children for the gratification of sexual desires is conduct that falls within the common, everyday meaning of "sexual abuse of a minor"). Tabalanza was thus convicted for a crime constituting "sexual abuse of a minor," and he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

Tabalanza also argues that the BIA deprived him of due process of law because his Notice to Appear stated only that he was removable because of conviction for an "aggravated felony," and because it was not clear during his hearings whether his aggravated felony consisted of rape or sexual abuse of a minor. Once we have decided, however, that Tabalanza was convicted for an "aggravated felony," we do not have jurisdiction to consider his constitutional claims. 8 U.S.C. § 1252(a)(2)(C); *Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1064 (9th Cir.2003) ("We conclude that the court of appeals, having no jurisdiction to review Cedano–Viera's removal order because he was convicted of an aggravated felony, lacks jurisdiction to consider his constitu-

tional challenges as well."). We thus lack jurisdiction to decide the due-process question that Tabalanza raises.

PETITION DENIED.

KLEINFELD, Circuit Judge, concurring.

The majority takes too expansive a view of the modified categorical approach by taking account of things other than "the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty" to an aggravated felony.[1] I think (though there is room for doubt) the authorities we must follow would lead to the same result under the categorical approach, so I am concurring rather than dissenting.

---

1. *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc).

