**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Ray TEEPLES, Defendant–
Appellant.**

**No. 03–30307.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Oct. 19, 2004.

Josh Van De Wetering, Office of the U.S. Attorney District of Montana, Missoula, MT, for Plaintiff–Appellee.

Melissa Harrison, Missoula, MT, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: SCHROEDER, Chief Judge, BROWNING, and TASHIMA, Circuit Judges.

## MEMORANDUM *

David Ray Teeples appeals the district court's finding that he is a career offender under the U.S. Sentencing Guidelines § 4B1.1 (2003) on the basis of his two prior convictions for lewd and lascivious acts with a child under fourteen. Teeples challenges the finding that his prior conviction under Cal.Penal Code § 288(a) (2003) is a crime of violence within the meaning of U.S.S.G. § 4B1.2 (2003).

We must affirm because Teeples' argument would require us to interpret the phrase "crime of violence" in that guideline differently from the use of the same term in U.S.S.G. § 2L1.2. *See United States v. Medina–Maella,* 351 F.3d 944 (9th Cir. 2003). We recently held in *United States v. Granbois,* 376 F.3d 993 (9th Cir.2004), that the term "crime of violence" has the same meaning regardless of where it appears in the Guidelines. Thus, Teeples' California conviction of a crime which we held is a crime of violence under U.S.S.G. § 2L1.2, must also be a crime of violence under § 4B1.2.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).