## UNITED STATES of America, Plaintiff—Appellee,

v.

## Ignacio VERDUZCO–PADILLA,* Defendant—Appellant.

### No. 05–10068.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Dec. 2, 2005.

Brian L. Sullivan, Esq., USRE—Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., Cynthia S. Hahn, Esq., FPDNV—Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, and RYMER and GOULD, Circuit Judges.

### MEMORANDUM **

Ignacio Verduzco–Padilla appeals the sentence imposed following his guilty plea to violating 8 U.S.C. § 1326(a). We affirm.

Verduzco–Padilla argues that the district court failed to comply with Fed. R.Crim.P. 32, but the court alternatively denied Verduzco–Padilla's sentencing objections on the merits. It adopted the presentence report's guideline calculations, thereby resolving the dispute. *See United States v. Rigby,* 896 F.2d 392, 394 (9th Cir.1990). As resentencing is not required on this account, Verduzco–Padilla recognizes that all his *Almendarez–Torres* arguments likewise fail. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Weiland,* 420 F.3d 1062, 1079–80 n. 16 (9th Cir.2005) (holding that we remain bound to follow *Almendarez–Torres* unless it is explicitly overruled by the Supreme Court). Verduzco–Padilla did not controvert the accuracy of the presentence report's statement that he had been convicted in Washington on two counts of violating Wash. Rev.Code § 69.50.401. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1164–65 (9th Cir.2000). The statutory definition of this prior drug-trafficking offense qualifies it as an aggravated felony under the categorical approach. *See United States v. Chavaria–Angel,* 323 F.3d 1172, 1177–78 (9th Cir.2003).

---

* This spelling of Appellant's name differs from that in the district court's judgment. Throughout the district court proceeding, his name was spelled "Verdusco–Padilla." The name was spelled "Verduzco–Padilla" on the caption of the notice of appeal. We adopt this spelling because it is the one Appellant himself used in court documents bearing his signature.

The district court also considered the factors set out in 18 U.S.C. § 3553(a). It did not plainly err in not taking into consideration personal factors that were not brought to its attention.

AFFIRMED.

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited except as may be provided by Ninth Circuit Rule 36–3.