UNITED STATES of America, Plaintiff–Appellee,

v.

Randy Ray LARSON, Defendant–Appellant.

No. 04–30482.
D.C. No. CR–04–00040–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Dec. 6, 2005.

Michael Joseph Fica, Esq., USPO—Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Steven V. Richert, Federal Defenders of Eastern Washington and Idaho, Pocatello, ID, for Defendant–Appellant.

Before BRUNETTI and MCKEOWN, Circuit Judges, and KING,* District Judge.

## MEMORANDUM **

Randy Ray Larson appeals his 46–month sentence imposed under the U.S. Sentencing Guidelines after Larson pleaded guilty to violating 18 U.S.C. § 922(g)(1) for possession of a firearm by a prohibited person. Larson contends the district court erred in relying solely on the Presentence Report (PSR) to increase his base sentence under U.S.S.G. § 2K2.1(a)(4)(A) (prior "crime of violence") for a 1989 conviction in Utah for "unlawful sexual intercourse." He asserts that his prior conviction under Utah Code § 76–5–401 was not necessarily a crime of violence for purposes of the guidelines. He also argues the district court erred in determining he did not use a firearm solely for lawful sporting purposes under U.S.S.G. § 2K2.1(b)(2). We have jurisdiction under 28 U.S.C. § 1291, and affirm the district court's application of the guidelines but remand for resentencing under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

"We review de novo a district court's interpretation of the Sentencing Guide-

lines." *United States v. Asberry*, 394 F.3d 712, 715 n. 3 (9th Cir.2005) (citations omitted). The court's conclusion that a prior conviction may be used for purposes of sentencing enhancement is also reviewed de novo. *United States v. Rodriguez–Rodriguez*, 393 F.3d 849, 856 (9th Cir.2005).

"[D]istrict courts may not rely exclusively on . . . the presentence report as evidence of a prior conviction." *United States v. Chavaria–Angel*, 323 F.3d 1172, 1176 (9th Cir.2003) (citations omitted). Nevertheless, such reliance is not always erroneous. In performing a categorical analysis under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), "[w]hen the presentence report identifies the statute of conviction and the defendant does not controvert it, the presentence report is sufficient evidence to establish that the prior conviction was for the statute listed in the report." *United States v. Corona–Sanchez*, 291 F.3d 1201, 1212 (9th Cir.2002) (en banc) (citing *United States v. Romero–Rendon*, 220 F.3d 1159, 1162–65 (9th Cir.2000)).

Here, the addendum to the PSR—which the district court relied upon in evaluating Larson's prior conviction—recites the statute of conviction ("sexual intercourse with a person under the age of 16, a violation of Utah Code 76–5–401"). Moreover, Larson admitted in briefing both to the district court and on appeal that Utah Code § 76–5–401 is the statute of prior conviction. Accordingly, it was not erroneous to rely solely on the PSR only to establish the statute of prior conviction.

The Ninth Circuit has repeatedly held that "sexual abuse of a minor" convic-

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tions such as "unlawful sexual intercourse" under Utah Code § 76–5–401 are necessarily and categorically crimes of violence for purposes of the sentencing guidelines. *See, e.g., United States v. Lopez–Montanez,* 421 F.3d 926, 930 (9th Cir.2005); *Asberry,* 394 F.3d at 716–17; *United States v. Granbois,* 376 F.3d 993, 995 (9th Cir. 2004); *United States v. Pereira–Salmeron,* 337 F.3d 1148, 1152 (9th Cir.2003). This panel must follow that prior precedent absent superceding authority or subsequent legislation. *See Benny v. U.S. Parole Comm'n,* 295 F.3d 977, 983 (9th Cir.2002). Thus, the district court properly determined that Larson's prior conviction was a crime of violence under the guidelines.

Given a prior crime of violence, we need not reach the question whether Larson used the firearm solely for lawful sporting purposes because he could not otherwise qualify for a reduction under U.S.S.G. § 2K2.1(b)(2).

■ Nevertheless, *Ameline* requires a limited remand when faced with an unpreserved *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), error when the record does not clearly indicate that the sentence would have been different "for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." 409 F.3d at 1074. *Ameline'*s limited remand approach applies to nonconstitutional *Booker* error as well. *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005). Nothing in Larson's sentencing transcript clearly indicates that the district court would have reached the same sentence while knowing the guidelines are advisory only, and Larson has requested a limited remand under *Ameline.*

Therefore, we affirm the district court's application of the guidelines. However, we grant a limited *Ameline* remand to allow the district court to determine if it would impose a different sentence knowing that the guidelines are advisory.

AFFIRMED IN PART and REMANDED IN PART.