**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Milton MOLINA–SALAS, Defendant–
Appellant.**

**No. 05–50696.**

United States Court of Appeals,
Ninth Circuit.

Submitted on briefs Nov. 14, 2006.*

Filed Dec. 11, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kasha K. Pollreisz, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Defendant–Appellant Milton Molina–Salas appeals his seventy-seven month sentence for attempted re-entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

Contrary to Molina–Salas's contention, his 1998 California Penal Code § 211 robbery conviction is a "crime of violence," meriting a sixteen-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. McDougherty*, 920 F.2d 569, 573–74 (9th Cir.1990) (holding that § 211 constituted a categorical "crime of violence" as the term is defined in the U.S.S.G. § 4B1.2); *see also United States v. Granbois*, 376 F.3d 993, 996 (9th Cir.2004) (noting that "the term 'crime of violence' does not take on different meanings depending on where it appears in the Guidelines.").

Molina–Salas also argues that aiding and abetting liability under California law, implicit in every California offense, is broader than the common law aiding and abetting. We need not address this issue because, even though the modified categorical approach was raised and argued below, the district court did not explicitly rely on it because the court decided that § 211 is categorically a crime of violence. We agree with Molina–Salas that the district court plainly erred when it relied on his 2003 deportation to enhance his statutory maximum sentence. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1098 (9th Cir.2006) (finding that the district court erred when it "found the existence of a subsequent removal that was neither proven beyond a reasonable doubt at trial nor admitted by [the defendant]."). However, because the district court's error in the instant case did not violate Molina–Salas's substantial rights, the sixteen-point enhancement must stand. *See id.* at 1098–99 (affirming a sixteen-level sentence enhancement where the defendant failed to raise a reasonable doubt as to the fact of prior deportation). Moreover, Molina–Salas effectively conceded at

courts of this circuit except as provided by Ninth Circuit Rule 36-3.

the sentencing hearing that a § 1326(b) enhancement was appropriate. *See id.*

■ Molina–Salas's argument that the district court erred in enhancing his sentence based on his 1998 robbery conviction is foreclosed. *See id.* at 1096 (holding that the sentencing judge "may enhance a sentence under § 1326(b) for a prior conviction even if the fact of the conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt.").

Molina–Salas's challenge to the constitutionality of § 1326(b) is also foreclosed. *See id.* at 1096–97 (rejecting defendant's argument that *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) "limit[ed] the holding of *Almendarez–Torres [v. U.S.,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ] to cases in which the defendant admits the prior conviction during a guilty plea.").

Molina–Salas's seventy-seven month sentence for violation of § 1326 is AFFIRMED.