**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Remigio RODRIGUEZ–NICOLAS,**
**Defendant–Appellant.**

No. 05–50382.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 14, 2006.*

Filed Dec. 11, 2006.

As Amended on Denial of Rehearing
and Suggestion for Rehearing
En Banc March 21, 2007.

Daniel J. Lenerz, Christopher A. Ott, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Alice L. Fontier, Esq., Heather R. Rogers, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Remigio Rodriguez–Nicolas appeals his thirty-eight month sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

At the sentencing hearing, the district court noted that a prior thirty month sentence was insufficient to deter Rodriguez–Nicolas from illegally re-entering the United States. ER at 238. The district court explicitly stated that, irrespective of the Guidelines, it would impose the same thirty-eight month sentence based on § 3553 discretionary factors. *Id.* Thus, any error made in applying the Guidelines is necessarily harmless. *See United States v. Menyweather,* 447 F.3d 625, 633–34 (9th Cir.2006).

Contrary to Rodriguez–Nicolas's contention, his 1991 California Penal Code § 211 robbery conviction is a "crime of violence," meriting a sixteen-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Pereira–Salmeron,* 337 F.3d 1148, 1151 (9th Cir.2003) (holding that offenses specifically listed as examples of crimes of violence in the commentary to U.S.S.G. § 2L1.2 are "inherently deemed" to be crimes of violence); *United States v. McDougherty,* 920 F.2d 569, 573–74 (9th Cir.1990) (categorizing § 211 as a crime of violence under § 4B1.2); *see also United States v. Granbois,* 376 F.3d 993, 996 (9th Cir.2004) (noting that "the term 'crime of violence' does not take on different meanings depending on where it appears in the Guidelines.").

Because all of the evidence before the jury related to the removal which followed the prior conviction, the jury necessarily found beyond a reasonable doubt that Rodriguez's prior "removal was subsequent to a conviction for commission of an aggravated felony" as per § 1326(b)(2). *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1098 (9th Cir.2006) (stating that "the fact of an alien's prior removal or departure . . . must be proved beyond a

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reasonable doubt to a jury or admitted by the defendant."). Rodriguez–Nicolas's related argument that the district erred in enhancing his sentence based on his 1991 robbery conviction is foreclosed, *see id.* at 1096 (holding that the sentencing judge "may enhance a sentence under § 1326(b) for a prior conviction even if the fact of the conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt."), as is Rodriguez–Nicolas's challenge to the constitutionality of § 1326(b), *see id.* at 1096–97 (rejecting defendant's argument that *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) "limit[ed] the holding of *Almendarez–Torres* [*v. U.S.,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ] to cases in which the defendant admits the prior conviction during a guilty plea.").

Finally, in considering the advisory Guidelines, the district court properly applied the § 3553 factors and correctly sentenced Rodriguez–Nicolas to thirty-eight months imprisonment followed by three years of supervised release.

Rodriguez–Nicolas's thirty-eight month sentence for violation of § 1326 is AFFIRMED.