**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus RODRIGUEZ–RAMIREZ,**
**Defendant–Appellant.**

No. 05–50085.

United States Court of Appeals,
Ninth Circuit.

---

582

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Scott M. Garringer, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Esq., San Diego, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Jesus Rodriguez–Ramirez appeals from the 46–month sentence imposed by the district court following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.

Contrary to Rodriguez–Ramirez's contention, his prior conviction for second degree robbery, in violation of California Penal Code § 211, is categorically a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. McDougherty,* 920 F.2d 569, 573–74 (9th Cir.1990); *see also United States v. Granbois,* 376 F.3d 993, 996 (9th Cir.2004) (noting that "the term 'crime of violence' does not take on different meanings depending on where it appears in the Guidelines").

Rodriguez–Ramirez's challenge to the constitutionality of 8 U.S.C. § 1326(b) is foreclosed. *See United States v. Beng-*

*Salazar,* 452 F.3d 1088, 1097 (9th Cir. 2006).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

