MEMORANDUM *
Robert Smith III appeals his guilty-plea conviction and sentence for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.
1. We review for plain error Smith’s challenge to § 922(g)(1), as he did not raise it before the district court. See Fed.R.Crim.P. 52(b); see also Jones v. United States, 527 U.S. 373, 388-89, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). Smith’s argument that § 922(g)(1) is unconstitutional in light of District of Columbia v. Heller, — U.S. -, 128 S.Ct. 2783, 171 L.Ed.2d 687 (2008), is without merit. The Supreme Court expressly excluded felons from its holding that the Second Amendment confers a federal individual right to keep and bear arms. See Heller, 128 S.Ct. at 2816-17 (“Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ....”); see also Lewis *111 v. United States, 445 U.S. 55, 65 & n. 8, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980).[1]
2. We review de novo whether Smith’s 1996 conviction for violating Florida Statute section 800.04 constitutes a “crime of violence” within the meaning of U.S.S.G. § 4B1.2. See United States v. Hermoso-Garcia, 413 F.3d 1085, 1089 (9th Cir.2005); see also United States v. Holt, 510 F.3d 1007, 1010 (9th Cir.2007). We hold that it does.
The district court correctly concluded that the categorical approach cannot be applied to Smith’s conviction because section 800.04 “criminalizes both conduct that does and does not qualify as a crime of violence.” United States v. Wenner, 351 F.3d 969, 972 (9th Cir.2003); see Fla. Stat. § 800.04(l)-(4) (1996). We thus turn to the modified categorical approach. Contrary to Smith’s argument, we are not precluded from doing so. Section 800.04 is not missing an element of the generic crime of “sexual abuse of a minor.” Cf. Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1073 (9th Cir.2007) (en banc) (holding that we can go no further than the categorical approach “[w]hen the crime of conviction is missing an element of the generic crime altogether”). The definition of “sexual abuse of a minor” set forth in Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008) (en banc), is inapplicable here. See United States v. Medinar-Villa, 567 F.3d 507, 511-12 (9th Cir.2009) (clarifying that Estradar-Espinoza did not overrule United States v. Baron-Medina, 187 F.3d 1144 (9th Cir.1999), and its progeny).
Under the modified categorical approach, Smith’s conviction constitutes a crime of violence. Our precedent makes clear that an offense that qualifies as sexual abuse of a minor is a forcible sex offense and, therefore, a per se crime of violence under U.S.S.G. § 4B1.2. See United States v. Granbois, 376 F.3d 993, 996-97 (9th Cir.2004); see also United States v. Pereira-Salmeron, 337 F.3d 1148, 1149-52 (9th Cir.2003). We are bound by Gran-bois's interpretation of the Sentencing Guidelines. See Granbois, 376 F.3d at 996 (concluding that the definition of “crime of violence” under U.S.S.G. § 4B1.2 does not differ from its definition under U.S.S.G. § 2L1.2); see also United States v. Asberry, 394 F.3d 712, 716 (9th Cir.2005) (affirming that, “in the context of interpreting ‘sexual abuse of a minor’ .... [,] there is no indication that ‘crime of violence’ is intended to mean something different in section 4B1.2 than it does in section 2L1.2” (alterations and internal quotation marks omitted)). We reject Smith’s argument that Begay v. United States, — U.S.-, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), overruled Granbois and Pereira-Salmer-on. Begay addressed only the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), see 128 S.Ct. at 1584-88, and thus has no bearing on whether Smith’s conviction qualifies as a per se crime of violence under U.S.S.G. § 4B1.2.
The records of conviction unequivocally establish that Smith was convicted of the elements of the generic crime of sexual abuse of a minor. See Baron-Medina, 187 F.3d at 1146-47 (interpreting the term “sexual abuse of a minor” by “employing the ordinary, contemporary, and common meaning of the words that Congress used,” and reasoning that “[t]he use of young *112 children for the gratification of sexual desires constitutes an abuse” (internal quotations marks omitted)); see also United States v. Lopez-Montanez, 421 F.3d 926, 931 (9th Cir.2005) (“We may appropriately consider certain kinds of documentation and judicially noticeable facts when determining whether a conviction is a predicate conviction for enhancement purposes, such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings.” (internal quotation marks omitted)). Smith was charged with “engaging] in oral, anal or vaginal penetration by or union with his sexual organ upon ... A.J.D., six (6) years of age, or engaging] in anal or vaginal penetration with [A.J.D.] with any other object.” The plea agreement corroborates and supplements the information in the charging document by specifically incorporating the arrest report — which explicitly details the sexual acts that Smith performed upon the six-year-old victim — as the factual basis for Smith’s plea. The judgment shows that Smith entered a plea of nolo contendere to the charged offense and was adjudged guilty. Because sexual abuse of a minor qualifies as a forcible sex offense, Smith’s conviction constitutes a per se crime of violence under U.S.S.G. § 4B1.2. Accordingly, the district court correctly concluded that Smith’s starting base offense level was twenty under U.S.S.G. § 2K2.1(a)(4)(A).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although the Heller majority called into question language in Lewis that the District of Columbia had invoked to support its position that the Second Amendment does not protect the individual right to bear arms, see Heller, 128 S.Ct. at 2816 n. 25, Heller did not disturb Lewis’s narrow holding — that felons have no constitutional right to possess firearms, see Lewis, 445 U.S. at 65, 100 S.Ct. 915.