NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Appellee, <br><br> v. <br><br> CHARLES PETE EYLE, <br><br> Defendant-Appellant. | Nos. 16-30117 <br>     16-30158 <br><br> D.C. Nos.   1:14-CR-02074-WFN <br>       1:14-CR-02058-WFN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted August 29, 2017
Seattle, Washington

Before: GOULD and McKEOWN, Circuit Judges, and ROTHSTEIN,[**] District
Judge.

Charles Eyle was convicted of two counts of attempted aggravated sexual

abuse of a child and one count of aggravated sexual abuse of a child. In a separate

trial, Eyle was convicted of being a felon in possession of ammunition. Eyle was

sentenced in a consolidated hearing, and his appeals of both convictions are

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]   The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

consolidated in this Court.

With respect to his sex-abuse convictions, Eyle contends that the district court erred in allowing the child victim, D.E., to testify via two-way video without holding an evidentiary hearing on the Government's motion for video testimony. Eyle argues that the district court's ruling violated both the Confrontation Clause—as interpreted by the Supreme Court in *Maryland v. Craig*, 497 U.S. 836, 845 (1988)—and the statute prescribing alternative procedures for children testifying in sex-abuse cases, 18 U.S.C. § 3509(b)(1)(B). We review the Sixth Amendment and statutory-interpretation claims *de novo*. *United States v. Yazzie*, 743 F.3d 1278, 1288 (9th Cir. 2014). We review a district court's factual findings for clear error.

Neither the Confrontation Clause nor § 3509 require the district court to hold an evidentiary hearing prior to ruling on the Government's motion for video testimony. The district court's findings that D.E. was fearful of the defendant were appropriate and sufficient to allow were appropriate and sufficient to allow video testimony.

Eyle next contends that the district court erred in sentencing him as a "career offender" under United States Sentencing Guideline § 4B1.1(a) because his prior child-sex-abuse convictions under 18 U.S.C. §§ 2244(a)(1) and 2244(a)(3) are not "crimes of violence" within the meaning of the Guidelines. We review *de novo* a district court's determination that a prior conviction constitutes a crime of violence under the Guidelines. It is well-established in this circuit that child sex

2

abuse is *per se* a crime of violence.  *United States v. Granbois*, 376 F.3d 993, 996 (9th Cir. 2004).  Thus, the district court did not err in enhancing Eyle's sentence in this case.

**AFFIRMED.**