**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

LEO ASBERRY,
          *Defendant-Appellant.*

No. 04-30009

D.C. No.
CR-02-00246-ALA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted
September 17, 2004—Portland, Oregon

Filed January 11, 2005

Before: J. Clifford Wallace, Ronald M. Gould, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Gould;
Concurrence by Judge Bea

## COUNSEL

Nancy Bergeson, Assistant Federal Public Defender, for the defendant-appellant.

Fredric N. Weinhouse, Assistant United States Attorney, for the plaintiff-appellee.

**OPINION**

GOULD, Circuit Judge:

Leo Asberry, Jr. appeals his sentence for possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, Asberry challenges district court rulings that: 1) an Oregon conviction for Rape in the Third Degree constituted a "crime of violence" under United States Sentencing Guidelines section 4B1.2(a);[1] 2) the Rape in the Third Degree conviction and a Delivery of Marijuana for Consideration conviction were not related under Guidelines section 4A1.2(a)(2); and 3) discretionary downward departure from the Sentencing Guidelines was neither allowed nor warranted under Guidelines section 5K2.0. We have jurisdiction over the appeal of the first two rulings pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We do not have jurisdiction over the appeal of the third ruling. We affirm in part and dismiss in part.

**I**

On December 15, 2003, the district court sentenced Asberry to seventy-seven months in prison and three years supervised release for violating 18 U.S.C. section 922(g)(1), which prohibits felons from possessing firearms or ammunition. In sentencing Asberry, the district court considered three 1993 Oregon offenses including a November 4, 1993 conviction for Rape in the Third Degree, a November 4, 1993 conviction for Delivery of Marijuana for Consideration, and a November 9, 1993 conviction for Delivery of Marijuana for Consideration.

The Rape in the Third Degree conviction arose from con-

---

[1]Asberry was sentenced under Guidelines section 2K2.1, which incorporates by reference the definition of "crime of violence" in section 4B1.2(a). U.S. Sentencing Guidelines Manual § 2K2.1, cmt. n.5 (2003).

duct that occurred in February 1993. Asberry, then twenty-one, engaged in a sexual relationship with a fifteen-year-old female. Asberry was arrested on July 1, 1993 and charged with violating Oregon Revised Statute section 163.355, which reads: "A person commits the crime of rape in the third degree if the person has sexual intercourse with another person under 16 years of age." Or. Rev. Stat. § 163.355 (2003).

Asberry pled guilty. His plea stated: "I wish to plead GUILTY to the charge(s) of RAPE III [and] DELIVERY OF MARIJUANA . . . . on the basis of HAVING HAD SEXUAL RELATIONS WITH [a minor] [and] HAVING BEEN PRESENT WHEN MARIJUANA WAS DELIVERED BY THIRD PERSON." On the basis of his plea agreement, the Oregon state court found Asberry guilty of Rape in the Third Degree. His plea agreement also provided the foundation for the November 4, 1993 conviction for Delivery of Marijuana for Consideration, which arose from a sale to undercover agents in Union County, Oregon on April 7, 1993. Asberry was arrested for this drug offense on July 16, 1993. The Oregon court entered consecutive sentences for the rape and the drug charge in a single hearing. It used two separate sentencing documents and case numbers and did not issue a formal consolidation order.

At Asberry's sentencing for violating 18 U.S.C. § 922(g)(1), the district court ruled that Rape in the Third Degree was a "crime of violence" under Guidelines section 4B1.2(a), and that Delivery of Marijuana for Consideration was a "controlled substance offense" under section 4B1.2(b). The court further ruled that the November 9 and November 4 marijuana convictions were not related under section 4A1.2(a)(2),[2] nor was the rape conviction related to the November 4 marijuana conviction.

---

[2]The November 9, 1993 Delivery of Marijuana for Consideration conviction resulted from an arrest on May 19, 1993.

Counsel for Asberry requested a downward departure from the Guidelines. The district court denied the motion, stating, "I don't think this record warrants it, and I don't believe . . . I have the authority regardless." This appeal followed.

## II

We first consider whether the district court erred in holding that a violation of Oregon Revised Statute section 163.355 is a "crime of violence" under United States Sentencing Guidelines sections 2K2.1(a)(2) and 4B1.2(a).[3]

[1] We take a categorical approach to determining whether a state offense is a "crime of violence." *Taylor v. United States*, 495 U.S. 575, 600-02 (1990); *see also* U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n.1 (requiring consideration of "the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted"). Under the categorical approach, we consider only the statutory elements of the offense to determine whether it meets the definition of "crime of violence" in the Guidelines. *Taylor*, 495 U.S. at 600-02.[4] Oregon Revised Statute section 163.355, in combination with section 163.345, makes it a crime for a perpetrator who is more than three years older than his or her victim to have intercourse with a person who is less than sixteen years of age.

---

[3]We review de novo a district court's interpretation of the Sentencing Guidelines. *United States v. Medina-Maella*, 351 F.3d 944, 946 (9th Cir. 2003); *United States v. Riley*, 183 F.3d 1155, 1157 (9th Cir. 1999).

[4]If the statutory elements of an offense do not satisfy the definition of "crime of violence," we then apply a modified categorical approach, under which we "may consider the statutory definition of the crime, any conduct charged in the indictment or information, the defendant's guilty plea or plea agreement, and any jury instructions." *United States v. Wood*, 52 F.3d 272, 274-75 (9th Cir. 1995), *cert. denied*, 516 U.S. 881 (1995); *see also United States v. Franklin*, 235 F.3d 1165, 1169-73 (9th Cir. 2000). Because we conclude that Rape in the Third Degree, as defined by Oregon Revised Statute section 163.355, is a "crime of violence," we need not employ that approach here.

**A**

**[2]** In *United States v. Granbois*, we held that "sexual contact with a child who has attained the age of 12 years but has not attained the age of 16 years and is at least four years younger than the perpetrator" is a "crime of violence" under Sentencing Guidelines sections 4B1.1 and 4B1.2. 376 F.3d 993, 995-96 (9th Cir. 2004). We conclude that this case is materially indistinguishable from *Granbois*. Like the defendant in *Granbois*, Asberry was convicted of having sexual contact with a girl less than sixteen years of age and several years his junior. The legal conclusion of *Granbois* controls, and we hold that a violation of Oregon Revised Statute section 163.355 is a "crime of violence" under Guidelines section 4B1.2.

**B**

**[3]** A consideration of *Granbois* and the concerns underlying it illuminate the issue before us. In *Granbois*, we held that a conviction for statutory rape was "sexual abuse of a minor" and, therefore, a per se "crime of violence" under the Sentencing Guidelines. 376 F.3d at 996. Although Guidelines section 4B1.2 does not explicitly list "sexual abuse of a minor" or "statutory rape" as a per se "crime of violence," the commentary to Guidelines section 2L1.2 mentions that these offenses meet the definition of "crime of violence" under section 2L1.2. In *Granbois*, we held in the context of interpreting "sexual abuse of a minor" that "there is no indication that ['crime of violence'] is intended to mean something different" in section 4B1.2 than it does in section 2L1.2. 376 F.3d at 996 (quoting *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1153 (9th Cir. 2003)); *see also United States v. Melton*, 344 F.3d 1021, 1027 (9th Cir. 2003).

The evolution of the language of Guidelines section 2L1.2 supports this conclusion. Prior to 2001, sentencing under section 2L1.2 also used the definition of "crime of violence" in

section 4B1.2, which included "forcible sex offenses" among the per se "crimes of violence" enumerated in the commentary. U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n.1 (2000).[5] In 2001, the Sentencing Commission completed a comprehensive revision of section 2L1.2 and, among other changes, added a full definition of "crime of violence" with the parenthetical "(including sexual abuse of a child)" appearing after the term "forcible sex offenses" in the commentary. U.S. Sentencing Guidelines Manual app. C, amend. 632, 216-19 (2003); U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.1(B)(ii)(II) (2002). In 2003, the Sentencing Commission again amended the commentary to section 2L1.2 to list specifically "forcible sex offenses, statutory rape, [and] sexual abuse of a minor." The Commission stated that the 2003 amendment "*clarifies* the meaning of the term 'crime of violence' . . . . [because] [t]he previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor . . . also had to include as an element of the offense 'the use, attempted use, or threatened use of physical force against the person of another.' " U.S. Sentencing Guidelines Manual app. C, amend. 658, Reason for Amendment, 397-402 (2003) (emphasis added).

Therefore, the Commission has indicated that these amendments to section 2L1.2 merely clarified the meaning of the term "crime of violence" and provided elaboration regarding the offenses that are included within this category; the amendments did not change the definition of "crime of violence" that section 2L1.2 originally borrowed from section 4B1.2. These indications of the Commission's intent control interpretations of section 2L1.2, *United States v. Garcia-Cruz*, 40 F.3d 986, 990 (9th Cir. 1994), and provide guidance to us in our efforts to construe the identical term "crime of violence"

---

[5]Commentary to the Guidelines binds us in interpreting their provisions unless it violates the Constitution or a federal statute, or is inconsistent with the Guidelines. *Stinson v. United States*, 508 U.S. 36, 38 (1993).

in section 4B1.2. *See United States v. Moreno-Cisneros*, 319 F.3d 456, 458-59 (9th Cir. 2003) (holding that an amendment to one section of the Guidelines may clarify similar language in an analogous provision of the Guidelines); *see also Williams v. United States*, 503 U.S. 193, 200-01 (1992) (describing how a court reaches a correct interpretation of the Guidelines).

## C

Even if statutory rape were not a per se "crime of violence," it would fall within the terms of Guidelines section 4B1.2 because that section includes conduct that "by its nature, presented a serious potential risk of physical injury to another." U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n.1 (2003). Under this catch-all clause, the government must demonstrate: 1) commission of a felony; 2) that posed a serious potential risk; 3) of some form of physical injury to another.

To conclude that an offense falls within the definition of "crime of violence" in section 4B1.2, we need not determine that the charged conduct poses a certain or probable risk of physical injury, or that the victim suffered actual physical harm. It is sufficient that the nature of the conduct described in the statute of conviction generally poses a serious potential risk of any form of physical injury to the victim. *Riley*, 183 F.3d at 1159; *Wood*, 52 F.3d at 275-76.

Sexual intercourse with adults poses serious potential risks of physical injury to adolescents of ages fifteen and younger. Both sexually transmitted disease and the physical risks of pregnancy among adolescent females are "injuries" as the term is defined in common and legal usage. *See* Oxford English Dictionary (2d ed. 1989) ("Hurt or loss caused to or sustained by a person or thing; harm, detriment, damage."); Black's Law Dictionary (6th ed. 1990) (defining "bodily injury" as "[p]hysical pain, illness or any impairment of physical

condition" and "injury to the body . . . including . . . injury resulting from rape or attempted rape"); *see also Pereira-Salmeron*, 337 F.3d at 1154 n.4; *Riley*, 183 F.3d at 1159 ("[R]ape also subjects the victim to the physical risks associated with sexually transmitted diseases and pregnancy. As such, it creates a serious potential risk of physical injury and is therefore a crime of violence under U.S.S.G. § 4B1.2(a)(2).") (internal citation omitted).

Asberry argues that the logical conclusion of our analysis would result in much consensual sexual intercourse being considered a "crime of violence" under section 4B1.2 and that our reasoning is undermined by state marriage laws that allow persons under sixteen years of age to wed. We disagree. These activities are not crimes, let alone felonies. They are necessarily excluded from the definition of "crime of violence" under section 4B1.2, regardless of whether they pose a "serious potential risk of physical injury to another." It is perhaps a logical fallacy to equate "legal" with "safe" in all cases. Some legal activities, whether high-risk sexual behavior between consenting adults or marital relations between very young adolescents, may pose a "serious potential risk of physical injury" to persons who choose to engage in them. But, if such risks exist, the legislative branch may have determined that competing values, such as individual autonomy or the promotion of marriage, outweigh the hazards, and that these activities will not be subjects for criminal prohibition.[6]

---

[6]Also, the conduct prohibited by section 163.355 may create a greater risk of physical injury than the activities to which Asberry compares statutory rape. Adults engaging in consensual sexual intercourse have the capacity to appreciate, prevent and deal with the consequences of any potential risk of physical injury that may arise from their conduct. The involvement of the state in legal marriage provides similar protection for young spouses: teenagers are less likely to be coerced into marriage than into sexual intercourse with an adult, and marriage itself might mitigate the risk of contracting sexually transmitted disease. In contrast, statutory rape is a serious crime, in part to protect children and teenagers, who are legally incapable of consent, from the serious potential risk of physical injury inherent in sexual relations between youths and adults.

In interpreting the phrase "crime of violence," the Sentencing Commission directs us to determine whether the defendant's conduct was criminal, and to examine whether the conduct posed a "serious potential risk of physical injury to another." It is certain that some legal activities create the possibility of physical injury. But our duty in this context is not to comment on the prudence of the criminal code or family law: under Guidelines section 4B1.2, after we determine that the conduct was criminal in nature and "presented a serious potential risk of physical injury to another" our inquiry is at an end.[7]

[4] In light of our precedent in *Granbois*, indications that the Sentencing Commission intended the term "crime of violence" in the Guidelines to include statutory rape, and evidence that sexual intercourse between adults and adolescents ages fifteen and younger creates a "serious potential risk of physical injury," we hold that a violation of Oregon Revised Statute section 163.355 is a "crime of violence" for the purposes of sentencing under Guidelines section 4B1.2.

### III

We next consider whether the district court erred in determining that Asberry's November 4, 1993 Rape in the Third Degree conviction and his November 4, 1993 Delivery of Marijuana for Consideration conviction are unrelated under Sentencing Guidelines section 4A1.2.[8]

---

[7]This conclusion accords with our prior case law. We have recognized that sexual contact between an adult and a child or young teenager poses a "serious potential risk of physical injury" to the youth under Guidelines section 4B1.2. *See Wood*, 52 F.3d at 275; *see also Melton*, 344 F.3d at 1027 ("[S]exual contact with a minor inherently presents a risk of force sufficient to characterize the misconduct as a 'crime of violence.' "); *Pereira-Salmeron*, 337 F.3d at 1153-54 (stating that under the Guidelines, including section 4B1.2, "a sexual offense against a minor may constitute a crime of violence for sentencing purposes even though an element of force — actual, attempted, or threatened — is not required").

[8]We review with due deference a district court's determination that two crimes were not related or consolidated for sentencing. *Buford v. United States*, 532 U.S. 59, 64-66 (2001).

Comment 3 to Guideline section 4A1.2 lists the criteria for determining whether a sentence is "related" for the purpose of computing a defendant's criminal history:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S. Sentencing Guidelines Manual § 4A1.2, cmt. n.3 (2003).

**[5]** The structure of Comment 3 mandates a two-step approach. We first look to determine whether the sentences "were for offenses that were separated by an intervening arrest." *Id.* If an intervening arrest did separate the offenses, our inquiry is over: the offenses are unrelated for the purposes of the Guidelines. *United States v. Gallegos-Gonzalez*, 3 F.3d 325, 328 (9th Cir. 1993) ("[S]entences for offenses separated by an intervening arrest are always unrelated under section 4A1.2 as amended in 1991, regardless whether the cases were consolidated for sentencing."). If there was no intervening arrest we consider whether the sentences nevertheless "resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S. Sentencing Guidelines Manual § 4A1.2, cmt. n.3; *Gallegos-Gonzalez*, 3 F.3d at 326-27.

**[6]** Applying this framework here, we first note that the conduct underlying the Rape in the Third Degree conviction and the conduct supporting the Delivery of Marijuana for Consideration conviction were not separated by an intervening arrest. Asberry committed the statutory rape in February

1993, sold marijuana to an undercover agent on April 7, 1993, was arrested for Rape in the Third Degree on July 1, 1993, and was arrested for Delivery of Marijuana for Consideration on July 16, 1993. Because both offenses predate both arrests, neither arrest can be considered intervening; we address the second prong of the inquiry under section 4A1.2.

Asberry concedes that his offenses did not occur on the same occasion and were not part of a common scheme or plan. Instead, he argues that his convictions were "consolidated for trial or sentencing" because the state court entered both sentences in a single proceeding. In determining whether a district court erred in determining that convictions were "consolidated for trial or sentencing," we consider factors including whether sentencing occurred 1) on the same day, 2) in the same court, 3) for the same or similar offenses, 4) pursuant to a single plea agreement, 5) under the same docket number, 6) after a formal consolidation order, and 7) under circumstances that resulted in concurrent sentences. *Compare United States v. Chapnick*, 963 F.2d 224, 228 (9th Cir. 1992), *superceded in nonpertinent part by* U.S.S.G. § 4A1.2, cmt. n.3, *overruled in nonpertinent part by Buford*, 532 U.S. at 64-66, *with United States v. Davis*, 922 F.2d 1385, 1390-91 (9th Cir. 1991) *superceded in nonpertinent part by* U.S.S.G. § 4A1.2, cmt. n.3, *overruled in nonpertinent part by Buford*, 532 U.S. at 64-66.

The reasons for this rule and the directive to consider such factors are not difficult to discern: the Sentencing Guidelines attempt to reflect the seriousness of a defendant's criminal history, and treating as unrelated offenses that a state court viewed as appropriate for consolidation for trial or sentencing might overstate the seriousness of the defendant's criminal conduct. *See* 28 U.S.C. § 994(i) (2000); U.S. Sentencing Guidelines Manual § 4A1.2, cmt. n.3 (2003). In balancing the factors we consider important in determining whether offenses were "consolidated for trial or sentencing," our ultimate goal remains finding a sentence that accurately reflects

both the seriousness of the underlying federal offense and the extent and nature of the defendant's criminal past.

**[7]** Here, although Asberry was sentenced for Delivery of Marijuana for Consideration and Rape in the Third Degree in the same court proceeding pursuant to a single plea agreement, the offenses were not similar in nature. Also, the sentencing court used different docket numbers for the two offenses, did not issue a formal consolidation order and imposed consecutive sentences. We hold that the district court did not err in holding that Asberry's November 4, 1993 convictions for Delivery of Marijuana for Consideration and Rape in the Third Degree were not "consolidated for trial or sentencing" and were, therefore, unrelated under Guidelines section 4A1.2.

# IV

We finally address Asberry's contention that the district court committed reversible error in declining to depart from the Sentencing Guidelines.

**[8]** In the Ninth Circuit, discretionary decisions of a district court not to depart from the Sentencing Guidelines are not subject to appellate review. *United States v. Morales*, 898 F.2d 99, 102 (9th Cir. 1990). We will, however, review a district court's decision not to depart if it erroneously believed that it lacked discretion to do so. *United States v. Brown*, 985 F.2d 478, 481 (9th Cir. 1993).

**[9]** Asberry argues that the district court's statement, "I don't think this record warrants it, and I don't believe . . . I have the authority regardless," brings his case within the latter category. We disagree. When a district court indicates both that it lacks discretion to depart and that, if it had discretion, it would nevertheless decline to exercise it, we lack jurisdiction to review its decision. *United States v. Williams*, 898 F.2d 1400, 1403-04 (9th Cir. 1990) (holding that the appellate

court lacked jurisdiction when "the district court concluded, 'I do not find that I have the authority [to depart] in this case, nor do I find facts which would lead me to believe I should depart.' "). This portion of the appeal is, accordingly, dismissed.

## V

Asberry, raising a further issue, requests that we defer decision of this case pending the decisions of the United States Supreme Court in *United States v. Booker* and *United States v. Fanfan*. We decline to do so. Although this case involves a sentence imposed pursuant to the Guidelines, the district court did not enhance the sentence on the basis of factors, other than prior convictions, not found by a jury beyond a reasonable doubt. Deferring decision of this case is not warranted. *United States v. Quintana-Quintana*, 383 F.3d 1052, 1052-53 (9th Cir. 2004).

### **AFFIRMED IN PART AND DISMISSED IN PART.**

BEA, Circuit Judge, concurring:

I concur in all sections of Judge Gould's opinion except as to Sections II.B and II.C. I write separately, however, because although *United States v. Granbois*, 376 F.3d 993 (9th Cir. 2004), controls here, I see it as wrongly decided, notwithstanding Judge Gould's faithful attempts to bolster its reasoning.

The primary issue in this appeal is whether Asberry's prior conviction for statutory rape is a "crime of violence" as defined by U.S. Sentencing Guidelines ("U.S.S.G.") § 4B1.2, which governs Asberry's sentence enhancement. Section 4B1.2(a) provides:

[t]he term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The commentary to section 4B1.2 further explains a "crime of violence" includes "murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 4B1.2, cmt. n.1 (emphasis added).

U.S.S.G. § 2L1.2, which governs sentence enhancements for an alien's unlawful reentry into the United States, provides:

"[c]rime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses, statutory rape, sexual abuse of a minor,* robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2003) (emphasis added).[1]

In *Granbois*, we held the defendant's prior conviction for

---

[1]The 2003 version of U.S.S.G. § 2L1.2 became effective November 5, 2003, before entry of Asberry's judgment on December 23, 2003. The previous version, discussed below in both *United States v. Granbois*, 376 F.3d 993 (9th Cir. 2004), and *United States v. Pereira-Salmeron*, 337 F.3d 1148 (9th Cir. 2003), did not include the "statutory rape" term.

engaging in sexual contact with a minor in violation of 18 U.S.C. § 2244(a)(3)[2] was a "crime of violence" under section 4B1.2. 376 F.3d at 996. We did so by incorporating the "crime of violence" definition of section 2L1.2 into section 4B1.2; since section 2L1.2 classifies "sexual abuse of a minor" as a "crime of violence," we held engaging in sexual contact with a minor was a "crime of violence" for purposes of section 4B1.2. *Id.*

*Granbois* observed there was a difference between the "crime of violence" definitions in sections 2L1.2 and 4B1.2, but held it was immaterial:

> We acknowledge that different words are used in some other definitions of "crime of violence" in the Guidelines and its notes. It would perhaps be clearer if the Commission used a more consistent definition. But there is no indication that the term is intended to mean something different for this provision than it does elsewhere.

*Id.* (quoting *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1153 (9th Cir. 2003)).

That language was dicta in *Pereira-Salmeron* because there we considered the section 2L1.2 "crime of violence" definition which contains the "sexual abuse of a minor" term. 337 F.3d at 1153. But *Granbois* considered the section 4B1.2 "crime of violence" definition, which does not contain the "sexual abuse of a minor" term.[3] 376 F.3d at 996. *Granbois* relied on *Pereira-Salmeron*'s dicta to incorporate the section 2L1.2 "crime of violence" definition into the section 4B1.2

---

[2] Under 18 U.S.C. § 2244(a)(3), it is a crime for a person to have sexual contact with another person who is between the ages of 12 and 16 and is at least four years younger than the perpetrator.

[3] Nor does U.S.S.G. § 4B1.2 contain the "statutory rape" term, while U.S.S.G. § 2L1.2 does.

definition. *Id.* Thus, the language is part of *Granbois*'s holding and is binding upon us. *See Brand X Internet Serv. v. FCC*, 345 F.3d 1120, 1130 (9th Cir. 2003) (this court's three-judge panels are bound by the holdings of earlier three-judge panels).

Here, Asberry has a prior conviction under Oregon's "Rape in the Third Degree" statute, which defines as a felony "sexual intercourse with another person under 16 years of age" when the perpetrator was at least three years older than the victim. OR. REV. STAT. §§ 163.345, 163.355 (2003). Applying *Granbois*, we look to the "crime of violence" definitions in either sections 4B1.2 or 2L1.2 to determine whether the conviction is a "crime of violence." *See Granbois*, 376 F.3d at 996. Since section 2L1.2 defines "crime of violence" to include "statutory rape" and "sexual abuse of a minor," Asberry's prior conviction of statutory rape is a "crime of violence" under section 4B1.2. *Cf. id.* (a prior conviction for sexual contact with another person between the ages of 12 and 16 and at least four years younger than the perpetrator is a "crime of violence" under section 4B1.2).

Notwithstanding *Granbois*'s binding effect here, it was wrongly decided for two reasons. First, in holding there is no difference between the "crime of violence" definitions in sections 4B1.2 and 2L1.2, *Granbois* ignores the inclusion of the "statutory rape" and "sexual abuse of a minor" terms in section 2L1.2, and the exclusion of those terms in section 4B1.2. Given such clear differences in text, to say the two sections mean the same is an approach contrary to basic principles of statutory construction. *See Sosa v. Alvarez-Machain*, 124 S. Ct. 2739, 2754 (2004) ("when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.").[4]

---

[4]Asberry argues the panel should not follow *Granbois* because it conflicts with principles of statutory construction. Principles of statutory construction, however, are not mandatory rules, but only nonconclusive interpretative aids. *United States v. Bert*, 292 F.3d 649, 652 (9th Cir. 2002).

The intent of the U.S. Sentencing Guidelines Commission ("Commission") in establishing sentencing criteria for unlawful reentry into the United States is likely different than for sentencing criteria for being a felon in possession of a firearm. *See* U.S. Sentencing Guidelines Manual app. C, vol. II at 401-02 (stating Amendment 658 changed the "crime of violence" definition for section 2L1.2 by adding "statutory rape" and "sexual abuse of a minor" so that "[t]he amended definition makes clear that the enumerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another."). Indeed, our sister circuits have noted the Guidelines have different "crime of violence" definitions and have called on the Commission for clarification. *See United States v. Shannon*, 110 F.3d 382, 389 (7th Cir. 1997) (en banc); *United States v. Rutherford*, 54 F.3d 370, 377 (7th Cir. 1995); *cf. See United States v. Charles*, 301 F.3d 309, 312 (5th Cir. 2002) (en banc) (overruling prior cases which conflated the section 4B1.2(a)(2) "crime of violence" definition (*i.e.*, "conduct that presents a serious potential risk of physical injury to another") with the "crime of violence" definition from 18 U.S.C. § 16 (*i.e.*, a crime that presents "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense")).

Second, *Granbois*'s reliance on *Pereira-Salmeron* was misplaced because *Pereira-Salmeron* considered the broader and more inclusive "crime of violence" definition under section 2L1.2, a definition different from that of section 4B1.2 at issue in *Granbois*. *See Pereira-Salmeron*, 337 F.3d at 1153. *Pereira-Salmeron*'s observation that there is no difference between the two "crime of violence" definitions was dicta, and incorrect dicta at that. *See id.*[5]

---

[5]During oral argument, Asberry also argued the panel should not follow *Granbois* because it conflicts with *Stinson v. United States*, 508 U.S. 36

With respect, Judge Gould's defense of *Granbois* in Section II.B of his opinion is beside the point. Section II.B observes that before 2001, the "crime of violence" definitions in sections 2L1.2 and 4B1.2 were, in relevant part, the same (*e.g.*, both sections included the term "forcible sex offenses," among others). Future amendments to section 2L1.2, however, diverged from section 4B1.2 (*e.g.*, section 2L1.2 was amended to include "sexual abuse of a minor" and "statutory rape," while section 4B1.2 still only included, in relevant part, "forcible sex offenses"). The Commission stated in commentary the amendment to section 2L1.2:

> clarifies the meaning of the term "crime of violence" . . . [because] [t]he previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor . . . also had to include as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another."

U.S. SENTENCING GUIDELINES MANUAL app. C, vol. II at 401-02.

Judge Gould's Section II.B thus reasons the "amendments to section 2L1.2 merely clarified the meaning of the term 'crime of violence' and provided elaboration regarding the offenses that are included within this category; the amendments did not change the definition of 'crime of violence' that section 2L1.2 originally borrowed from section 4B1.2." Although the amendment "clarified" the "crime of violence"

---

(1993), which held the commentary to the Guidelines "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 38. *Granbois* does not conflict with *Stinson*; the court in *Granbois* did not disregard the commentary as the court of appeals did in *Stinson*, but instead interpreted the commentary by incorporating one "crime of violence" definition into a similar one.

definition as to section 2L1.2, it did *not* clarify the "crime of violence" definition as to section 4B1.2. The Commission has amended the commentary to section 4B1.2 twice since 2001, and has not seen fit to include the terms "sexual abuse of a minor" or "statutory rape" within the commentary to section 4B1.2 by either of those amendments. The Commission has, however, amended the commentary to section 2L1.2, including the terms "sexual abuse of a minor" and "statutory rape" under that section's definition of "crime of violence." Whether those additions were a clarification to the term "forcible sex offenses" (shared by both sections 2L1.2 and 4B1.2), or were a more substantive change, is irrelevant here. Until the Commission either amends or "clarifies" the language in section 4B1.2, we should apply the text found within section 4B1.2, which governs Asberry's sentence enhancement, not the text found within section 2L1.2, which does not so govern. It is the role of the Commission, not the courts, to issue amendments to the U.S. Sentencing Guidelines. *See Williams v. United States*, 503 U.S. 193, 200-01 (1992).

Nevertheless, because *Granbois* is controlling here, we are bound by it. *See Brand X Internet Serv.*, 345 F.3d at 1130. However, if we had the opportunity to reconsider *Granbois* as an en banc panel, I would conclude that the record here does not support the conclusion that non-forcible statutory rape between a 21-year-old male and a 15-year-old female presented a "serious potential risk of physical injury to another." *See* U.S.S.G. § 4B1.2. Indeed, the government failed to show the acts leading to the defendant's prior conviction were more likely than not to present a "serious potential risk of physical injury to another." *See Shannon*, 110 F.3d at 385-88 (the district court found the defendant's prior felony conviction for statutory rape, defined as "sexual contact or sexual intercourse with a person who has not attained the age of 16," was a crime of violence because it presented a "serious potential risk of physical injury to another"; the court of appeals affirmed, relying on medical studies detailing risks of injuries to young girls engaging in intercourse and reasoning a 13-

year-old cannot appreciate the "disease and fertility risks of intercourse," and thus the risks and complications of an involuntary pregnancy and an ensuing "quasi-involuntary" abortion were sufficient to present a serious risk of physical injury to the victim); *see also United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998) (holding the government did not present sufficient evidence to show pregnancy, by itself, is an injury when the statutory rape victim was 16 years old, and distinguishing *Shannon* because the risk of sex for the 13-year-old victim there was much greater than the risk to a 16-year-old).[6] Here, the government failed to meet its burden by not providing evidence that pregnancy itself, the risks and complications of pregnancy, or the risks of sexually transmitted diseases, presented a "serious potential risk of physical injury" to a 15-year-old victim.[7] Accordingly, in the absence of *Granbois*, I would hold a prior conviction for non-forcible statutory rape

---

[6]Both *Shannon* and *Thomas* are consistent with this Court's past decisions (except for *Granbois*). Before *Granbois*, the issue whether non-forcible statutory rape is a "crime of violence" under section 4B1.2 was an issue of first impression. *United States v. Riley*, 183 F.3d 1155, 1160 n.11 (9th Cir. 1999). *Riley* did state "the physical risks associated with sexually transmitted diseases and pregnancy" are possible risks of injury arising from rape, but that observation was only a factor in the holding and would not necessarily compel the conclusion that non-forcible statutory rape is a "crime of violence." *Id.* at 1159; *cf. United States v. Carter*, 266 F.3d 1089, 1090 (9th Cir. 2001) (holding a prior conviction for transportation of a minor with intent to turn the minor into a prostitute presents a "serious potential risk of physical injury to another" because the minor may contract a sexually transmitted disease).

[7]There was no medical evidence adduced by the government to show this, or any other, 15-year-old victim of statutory rape would be exposed to any greater risk of pregnancy than an adult woman under the same or similar circumstances. For instance, there was no evidence whether Asberry, his victim, or both, used any contraceptive devices, or if so why such devices would be less effective given their ages, than if they were older. Nor did the government present any evidence that intercourse between this or any other 21-year-old male and a 15-year-old female creates a greater risk of sexually transmitted disease than intercourse between two adults. For instance, there was no evidence as to Asberry's health at the time of the acts which led to the earlier conviction.

between a 21-year-old male and a 15-year-old female, in the absence of evidence the statutory rape presented a "serious potential risk of physical injury" to the victim, is not a "crime of violence" under section 4B1.2.

For the reasons expressed above, I separately concur in the judgment and all sections of Judge Gould's opinion except as to Sections II.B and II.C.