**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donald Lee GUY, Defendant—Appellant.**

No. 05–30273.

United States Court of Appeals, Ninth Circuit.

**707**

Submitted May 1, 2006.*

Decided May 4, 2006.

———

Joshua A. Van De Wetering, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Lucas J. Foust, Foust Buckley Law Office, Bozeman, MT, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Donald Guy appeals from the sentence of 12 years' imprisonment imposed on him following his plea of guilty to one count of brandishing a firearm during a drug transaction, in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Guy challenges the district court's calculation of his criminal history score. Guy contends that the district court erred in determining that three of his prior state-court drug convictions were unrelated and that Guy should therefore receive two criminal history points for each of those convictions. We review the district court's determination that Guy's convictions were related "with due deference" and, under that standard, we affirm. *United States v. Asberry*, 394 F.3d 712, 718 n. 8 (9th Cir.2005).

For the purposes of the Sentencing Guidelines, "[p]rior sentences imposed in related cases are to be treated as one sentence" when calculating a defendant's criminal history score. USSG § 4A1.2(a)(2) (2003). "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense.)" USSG § 4A1.2(a)(2), comment (n. 3) (2003). Here, the Presentence Report (PSR) indicates that Guy was arrested for misdemeanor possession of drugs on January 28, 1998, and for felony possession of drugs for sale on February

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

26, 1998.[1] According to the PSR, this second arrest occurred when police stopped Guy's car for a traffic violation and discovered drugs and drug paraphernalia. Thus, Guy was arrested for his first drug offense on January 28, but did not commit his second offense until February 26. The two offenses are therefore unrelated. *See Asberry*, 394 F.3d at 719.

Guy argues that the district court erred in relying on the PSR to determine that his prior convictions were unrelated. But a sentencing court may rely on the descriptions of a defendant's prior offenses set forth in a PSR, so long as the defendant raises no factual objections. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). Guy has never challenged the accuracy of the arrest dates or descriptions contained in the PSR. And he has provided no alternative description of his offense conduct under which his prior convictions could be deemed related. Under these circumstances, we conclude that the district court's reliance on the PSR was not in error.

Finally, Guy notes that he was also arrested on state drug charges on September 6, 1998.[2] Guy contends that the district court erred in treating this offense as unrelated to Guy's two earlier drug convictions. At sentencing, however, Guy conceded that his September 1998 offense was separated from his two previous offenses by an intervening arrest. We will not revisit the issue here.

Accordingly, Guy's sentence is AFFIRMED.

---

1. Guy was convicted of both of these offenses on March 18, 1998, and sentenced to concurrent 90-day prison terms on both.

2. Guy was convicted of this offense on June 18, 1999.