UNITED STATES of America,
Plaintiff–Appellee,

v.

Leslie Dean GOSS, Defendant–
Appellant.

No. 06–30542.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed July 30, 2007.

Joseph E. Thaggard, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Mark D. Meyer, Esq., Ugrin Alexander Zadick & Higgins, PC, Great Falls, MT, for Defendant–Appellant.

Before: REINHARDT, HALL, and M. SMITH, Circuit Judges.

### MEMORANDUM *

Leslie Dean Goss appeals his jury conviction and sentence for carjacking in violation of 18 U.S.C. §§ 2119(1) and (2). He argues that his conviction should be vacat-

ed because (1) the evidence presented was insufficient to convict him of carjacking, and (2) the district court failed to instruct the jury on his defense theory. Goss also urges the panel to reverse his sentence on the grounds that the district court erred in: (A) imposing a two-level enhancement under U.S.S.G. § 2B3.1; (B) refusing to grant his request for a horizontal departure from criminal history category VI; (C) classifying him as a career offender; and (D) refusing to grant his request for a two-level downward departure because he was a minor participant in the carjacking. Lastly, Goss contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and 18 U.S.C. § 3553(a), and that it violates the Eighth Amendment's prohibition against cruel and unusual punishment. Because the parties are familiar with the facts of this case, we do not separately recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Goss' conviction and sentence.

■ Goss' challenges to his conviction are without merit. First, viewed in the light most favorable to the government, the evidence at trial was sufficient to allow a rational juror to conclude beyond a reasonable doubt that Goss intended to cause serious bodily harm to Paulson, if necessary, to accomplish the taking of Paulson's truck. *See Garcia v. Carey*, 395 F.3d 1099, 1102 (9th Cir.2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Specifically, the government presented two witnesses who testified that Goss yanked Paulson from his truck, repeatedly hit him in the face and ribs, and then departed in

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Paulson's truck, as well as the bar's surveillance video of the incident which corroborated the witnesses' testimony. This evidence was sufficient to support Goss' carjacking conviction.

■ Second, "it is not reversible error to reject a defendant's proposed instructions on his theory of the case if other instructions adequately cover the defense theory." *United States v. Martinez–Martinez,* 369 F.3d 1076, 1083 (9th Cir.2004). Here, the district court's instructions adequately presented Goss' defense theory because the jury was specifically informed that it may consider "evidence of the defendant's intoxication in deciding whether the government has proven beyond a reasonable doubt that the defendant acted with the specific intent to cause death or serious bodily injury, if necessary, to complete the taking of the vehicle." Thus, the district court did not fail to instruct the jury on Goss' defense theory and, therefore, it did not commit a reversible error.

■ Furthermore, contrary to Goss' contentions, the district court did not commit any sentencing errors. The district court correctly enhanced Goss' offense level under U.S.S.G. § 2B3.1(b) based upon bodily injury sustained by the victim because Paulson's injuries-two black eyes, facial bruises and broken ribsfall within the Sentencing Guidelines' definition of "bodily injury." *See* U.S.S.G. § 1B1.1 cmt. n. 1(B) (" 'Bodily injury' means any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought."). Goss' two prior felony convictions (one for assault and one for aggravat-

ed burglary) are not related because they were separated by an intervening arrest, and, therefore, the district court appropriately classified Goss as a career offender under U.S.S.G. § 4B1.1. *See United States v. Asberry,* 394 F.3d 712, 719 (9th Cir.2005). The district court did not clearly err in refusing to apply a two-level downward adjustment to Goss' offense level on the grounds that Goss was a minor participant in the carjacking under U.S.S.G. § 3B1.2. As the district court explained, "[t]he record in this case demonstrates that [Goss] w[as] an instigator in this offense.... [He] pulled the victim, who was driving the truck, out of the truck, ... assaulted him, ... then stole his vehicle."

■ The district court also correctly calculated Goss' offense level as 29. Carjacking carries a maximum sentence of 15 years, 18 U.S.C. § 2119(1), and under U.S.S.G. § 4B1.1(b)(D), if an offense's statutory maximum is "15 years or more, but less than 20 years," the offense level is 29. Thus, Goss' carjacking conviction clearly places him within the 15–to–20–year range under the Guidelines.

■ Finally, Goss' 180–month sentence, which was within the advisory Sentencing Guidelines, is reasonable, especially in light of Goss' criminal history.[1] *See United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006). Goss' sentence also did not violate the Eighth Amendment's prohibition against cruel and unusual punishment because, given his criminal history, his sentence was not grossly disproportionate to his offense. *See Unit-*

---

1. Goss' challenge to the district court's refusal to grant his request for a horizontal departure from Criminal History Category VI is disposed of through our review of the reasonableness of his sentence. *See United States v. Mohamed,* 459 F.3d 979, 989 (9th Cir.2006)

(explaining that after *Booker,* "the scheme of downward and upward 'departures' [has been] essentially replaced by the requirement that judges impose a 'reasonable' sentence"); *see also United States v. Zolp,* 479 F.3d 715, 722 (9th Cir.2007).

*ed States v. Harris,* 154 F.3d 1082, 1084 (9th Cir.1998).

**AFFIRMED.**