**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry Louis HUGHES, aka G–Ride,**
**Defendant–Appellant.**

No. 06–50086.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 22, 2008.

Becky S. Walker, Esq., Elizabeth R. Yang, Esq., Dorothy C. Kim, Esq., Jason Debretteville, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gretchen Fusilier, Esq., Carlsbad, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jerry Louis Hughes appeals from the 346–month sentence imposed following re-sentencing pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hughes contends that the district court erred by using the preponderance of the evidence standard to conclude that he was career offender and that his victims were injured under the Sentencing Guidelines. We disagree. No matter what standard of proof the district court applied, any error did not impact Hughes' substantial rights because the uncontroverted pre-sentence report ("PSR") contained clear and convincing evidence of the predicate facts. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1161–63 (9th Cir.2000).

Hughes also contends that the district court erred by relying on the PSR to determine that his prior offenses were unrelated under the career offender enhancement. We disagree. The PSR was sufficiently reliable, *see id.* at 1163, and clearly demonstrated that Hughes' two felony convictions were unrelated. *See United*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States v. Asberry*, 394 F.3d 712, 719–20 (9th Cir.2005).

Hughes also contends that his sentence is unreasonable. The district court properly analyzed the factors set forth in 18 U.S.C. § 3553(a), and we conclude that Hughes' sentence is not unreasonable. *See United States v. Mohamed*, 459 F.3d 979, 985–89 (9th Cir.2006); *see also Gall v. United States*, — U.S. —, 128 S.Ct. 586, 597–98, 169 L.Ed.2d 445 (2007).

Finally, Hughes contends that his sentence should be vacated because the district court advised him of the wrong statutory maximum sentence during his guilty-plea colloquy. We conclude that Hughes has waived this contention because he failed to raise it during his original direct appeal. *See United States v. Nagra*, 147 F.3d 875, 882 (9th Cir.1998).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.