**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel MARTINEZ–AMAYA,
Defendant–Appellant.**

No. 06–10365.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 27, 2008.

Gary M. Restaino, Assistant U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Miguel Martinez–Amaya appeals from his 108–month sentence imposed following his guilty-plea conviction for re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Martinez–Amaya contends that the district court erred when it calculated his criminal history category under the advisory Sentencing Guidelines. We conclude that the district court did not abuse its discretion when it determined that Martinez–Amaya had a criminal history category of IV. *See* U.S.S.G. § 4A1.2, cmt. n. 3 (2006); *United States v. Asberry,* 394 F.3d 712, 719–20 (9th Cir.2005); *United States v. Chapnick,* 963 F.2d 224, 226–27 (9th Cir.1992).

Martinez–Amaya also contends that the sentence was not reasonable because of the sixteen-level increase in the offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). We hold that the sentence is reasonable in light of the factors contained in 18 U.S.C. § 3553(a). *See United States v. Booker,* 543 U.S. 220,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

260–61, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding that court of appeals reviews sentences for reasonableness in light of § 3553(a) factors); *see also Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007) (explaining that court of appeals is reviewing for abuse of discretion when determining whether a sentence is reasonable); *United States v. Barsumyan,* 517 F.3d 1154, 1158–60 (9th Cir.2008) (holding that reasonableness analysis applies to the ultimate sentence, not to a particular Sentencing Guidelines provision).

**AFFIRMED.**