**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Deanne Edward ZAPIEN, Defendant–Appellant.**

**No. 07–30423.**

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2008.*

Filed June 6, 2008.

James P. Hagarty, Esq., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Kraig Gardner, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: FERGUSON, BRUNETTI, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Deanne Edward Zapien alleges that the district court, in sentencing him to 24 months imprisonment on his guilty plea to the unlawful possession of a firearm, clearly erred in not treating two state sentences resulting from two separate plea agreements as consolidated. If the two sentences were determined to have been consolidated, Zapien's sentencing guideline range would have been 15 to 21 months. We affirm Zapien's sentence.

We review the district court's interpretation of the guidelines de novo and its factual findings for clear error. *United States v. Staten,* 466 F.3d 708, 713 (9th Cir.2006). *United States Sentencing Guidelines Manual,* § 4A1.2 cmt. n. 3 provides that in computing criminal history, prior sentences are considered related if they resulted from offenses that were consolidated for trial or sentencing. Where, as here, there is no intervening arrest, in reviewing whether a district court erred in determining that convictions were not "consolidation for trial or sentencing," we consider factors including the seven set forth in *United States v. Asberry,* 394 F.3d 712, 719 (9th Cir.2005).

Zapien has not shown that the district court's determination that his two plea agreements did not constitute a single plea was clear error. Even if, as Zapien contends, the district court erroneously determined that his sentences were not concurrent, such an error was harmless. *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006). The balance of the *Asberry* factors would still tip in favor of a finding that Zapien's cases were not consolidated. Zapien's sentence is **AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.