**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Hugo Armando LOMELI–MENCES, Defendant—Appellant.**

No. 07–50452.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2009.

Filed Sept. 30, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jerry Alan Behnke, Assistant U.S., Office of the U.S. Attorney, Riverside, CA, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Robison D. Harley, Jr., Esquire, Santa Ana, CA, for Defendant–Appellant.

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Defendant Hugo Armando Lomeli–Mences pleaded guilty to entering the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, he raises two arguments challenging the district court's calculation of his sentence under the United States Sentencing Guidelines: (1) the district court abused its discretion in finding that his prior convictions for false impris-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

onment and false personation were not "related" for purposes of calculating his criminal history score; and (2) the district court erred in assessing criminal history points for those two offenses, because Defendant was sentenced for them after he committed the instant offense.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### 1. *Related Offenses*

We review "with due deference" the district court's determination that two crimes were not related or consolidated for sentencing. *Buford v. United States,* 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); *United States v. Asberry,* 394 F.3d 712, 718 n. 8 (9th Cir.2005).

■ *Asberry* provides that in determining whether convictions were consolidated for trial or sentencing, we must consider whether the sentencing occurred: (1) on the same day; (2) in the same court; (3) for the same or similar offenses; (4) pursuant to a single plea agreement; (5) under the same docket number; (6) after a formal consolidation order; and (7) under circumstances that resulted in concurrent sentences. *Id.*

Here, the *Asberry* factors weigh in favor of holding that the offenses were not related. The offenses were neither factually nor temporally related. The false imprisonment conviction related to sexual battery of Defendant's ex-girlfriend in 2000, while the false personation conviction related to presenting fraudulent identification to police six years later. Although Defendant's counsel hypothesized that Defendant presented false identification to the police because he knew that he was wanted by the authorities for battery of his ex-girlfriend, no evidence in the record

supports that assertion. Moreover, the sentencing court treated the offenses as separate cases, as it assigned them separate docket numbers and never issued a formal consolidation order.

We recognize that the imposition of concurrent sentences by the same court on the same day weighs in Defendant's favor. But the Guidelines' ultimate goal is to find "a sentence that accurately reflects both the seriousness of the underlying federal offense and the extent and nature of the defendant's criminal past." *Asberry,* 394 F.3d at 719. Treating the 2000 and 2006 offenses as a single offense risks underrepresenting Defendant's serious criminal history. We are satisfied that the district court weighed all of the appropriate factors and reached a conclusion that comports with *Asberry.* We affirm the district court's determination that Defendant's prior convictions are unrelated and, therefore, uphold the imposition of six criminal history points for these crimes.

### 2. *Date of the Instant Offense*

■ Second, Defendant argues that he violated 8 U.S.C. § 1326 on August 6, 2006, when immigration authorities placed a detainer on him, rather than on April 23, 2007, the date stated in the plea agreement.

We review for clear error the district court's factual findings. *United States v. Lambert,* 498 F.3d 963, 966 (9th Cir.2007). This court has noted an intracircuit split on the proper standard of review of the application of the Sentencing Guidelines to the facts. *United States v. Rivera,* 527 F.3d 891, 908 (9th Cir.), *cert. denied,* — U.S. ——, 129 S.Ct. 654, 172 L.Ed.2d 631 (2008). As in *Rivera,* however, our decision would be the same under either stan-

---

1. Defendant also raised a third argument regarding calculation of the criminal history score but expressly withdrew that issue at oral argument. We therefore do not reach it.

dard of review, and we do not consider the conflict here.

A violation of § 1326 is a continuing offense that ends when a deported alien is "found in" the United States by immigration authorities. *United States v. Hernandez,* 189 F.3d 785, 789 (9th Cir.1999); *United States v. Guzman–Bruno,* 27 F.3d 420, 423 (9th Cir.1994). Here, the information charged Defendant with committing the offense "on or about April 23, 2007." Defendant admitted in his written plea agreement, and orally during the change of plea proceeding, that immigration authorities "found" him in the United States on or about April 23, 2007. Yet, despite those admissions, Defendant urges us to find that he was found in the country on a much earlier date, August 6, 2006, because that was when immigration officials placed a detainer on him.[2]

In a petition for rehearing, Defendant points out—for the first time to any court—a provision in his plea agreement stating: "Both defendant and the [U.S. Attorney's Office] are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence." Defendant argues that part (b) of that provision exempts him from the general rule that the "found in" date to which he admitted in the plea agreement is binding on him. He contends that the April 23, 2007, date is a "factual misstatement" relating to the calculation of his sentence, which he was free to correct under the explicit terms of the plea agreement.

We need not decide whether a "found in" date is a "factual misstatement relating to the calculation of the sentence" because the district court already placed Defendant in a lower criminal history category than the April 23, 2007, "found in" date would have produced. In the interest of sentencing consistency, the district court gave Defendant the benefit of the earlier "found in" date and used its downward departure authority to assess Defendant's criminal history as category V, rather than category VI. The court sentenced Defendant to the lowest available sentence for category V: 46 months. The district court therefore effectively negated the assessment of the three additional criminal history points that were assigned because of the April 23, 2007, "found in" date. Any potential error in failing to apply the plea agreement's provision regarding factual misstatements is thus harmless, and remand on this issue is unnecessary.[3] *See United States v. Cruz–Gramajo,* 570 F.3d 1162, 1167 (9th Cir.2009) (noting that a district court's cal-

---

**2.** Defendant raised a second challenge to the April 23, 2007, date at oral argument, asserting that the phrase "on or about" is imprecise and could have meant a much earlier date. Defendant waived this argument by mentioning it for the first time at oral argument. *Butler v. Curry,* 528 F.3d 624, 642 (9th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 767, 172 L.Ed.2d 763 (2008). In any case, the argument is not well-taken. *Cf. United States v. Casterline,* 103 F.3d 76, 78 (9th Cir.1996) (holding that a date seven months earlier than the date alleged in the indictment was too remote to be considered "on or about" that date).

**3.** Remand is necessary, however, to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000) (holding that, when a defendant is "indicted, convicted and sentenced for one crime, in a single count, and not in separate counts pursuant to § 1326(a) and § 1326(b)(2)," but the judgment references both subsections, the matter should be remanded to correct the judgment to exclude the reference to § 1326(b)(2)).

culation of a sentence is subject to harmless error review).

AFFIRMED and REMANDED.