
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-35598 |
| Plaintiff - Appellee, | D.C. Nos.   2:10-cv-03113-WFN<br>2:05-cr-02118-WFN-1 |
| v. | |
| SANTOS PETER MURILLO, AKA Peter Santos Murillo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted June 6, 2012[**]
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and HALL, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Janet C. Hall, District Judge for the U.S. District Court for Connecticut, sitting by designation.

Petitioner Santos Peter Murillo ("Murillo") seeks habeas relief pursuant to 28 U.S.C. § 2255, claiming that his trial counsel rendered ineffective assistance in failing to argue that two prior offenses in his presentence report – a gun charge and a harassment charge, which occurred on the same day – should have been considered related and treated as a single case for computation of his criminal history. He claims that if the offenses had been treated as related, he would have had a criminal history category of III instead of IV and, therefore, would likely have received a lower sentence.

This Court reviews a district court's denial of habeas relief pursuant to 28 U.S.C. §2255 de novo. *Lopez v. Schriro*, 491 F.3d 1029, 1036 (9th Cir. 2007). To establish ineffective assistance of counsel, a petitioner has to show that counsel's representation fell below an objective standard of reasonableness; he must establish both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The second prong of *Strickland* is met when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See United States v. Fredman*, 390 F.3d 1153, 1156 (9th Cir. 2004).

At the time Murillo was sentenced, the United States Sentencing Guidelines provided that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." U.S.S.G. §4A1.2 Application Note 3 (Nov. 1, 2006 ed.). "If an intervening arrest did separate the offenses, our inquiry is over: the offenses are unrelated for the purposes of the Guidelines." *United States v. Asberry*, 394 F.3d 712, 719 (9th Cir. 2005). An arrest is intervening if it occurs between and separates the conduct underlying two convictions. *Id.* at 718. Here, the gun offense was discovered in a search incident to an arrest on a prior warrant. It is reasonable to infer that the arrest encompassed the gun possession offense, because he was transported to the police station and booked into jail following the discovery of the gun offense. *See United States v. Leal-Felix*, 665 F.3d 1037, 1041 (9th Cir. 2011) (holding that a formal arrest may be indicated by informing the suspect that he is under arrest, transporting the suspect to the police station, and/or booking the suspect into jail). The arrest interrupted the conduct underlying Murillo's prior gun possession charge and the harassment, which occurred later the same day. Because there appears to have been an intervening arrest, the two offenses were separate, so that the performance of Murillo's counsel did not fall below an objective standard of reasonableness in failing to object to the correctly calculated criminal history category.

Although an argument can be made that the arrest here was not intervening because it preceded the discovery of the gun offense, this is at best an unclear area of the law. Given the lack of clarity in the law concerning whether the arrest in this case could be considered intervening, Murillo cannot establish that his counsel was objectively unreasonable in failing to object to the presentence report. *Se*, *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (holding that whether performance of counsel was deficient is based upon the law as it existed at the time); *Davie v. Mitchell*, 547 F.3d 297, 315 (6th Cir. 2008); *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998). Nor can he establish a reasonable probability that if his counsel had objected, the court would have treated the two offenses as related.

AFFIRMED.