**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carl Eugene SCHUMANN, Defendant–Appellant.**

**No. 05–10797.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Dec. 21, 2006.

Christina Brown, Esq., Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Las Vegas, NV, for Defendant–Appellant.

Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding. D.C. No. CR–04–00464–PMP/PAL.

Before: REINHARDT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Schumann appeals the district court's conclusion that he qualifies as a "career offender" under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1. We affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We review *de novo* the district court's determination that a defendant qualifies as a career offender, *United States v. Kelly*, 422 F.3d 889, 891–92 (9th Cir.2005), but we review deferentially the district court's conclusion that prior convictions were not "functionally consolidated" for sentencing, *Buford v. United States*, 532 U.S. 59, 64–66, 121

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

S.Ct. 1276, 149 L.Ed.2d 197 (2001); *United States v. Asberry,* 394 F.3d 712, 718 n. 8 (9th Cir.2005).

Applying these standards, we conclude that the district court did not commit reversible error in concluding that at least one of the bank robberies for which Schumann was convicted in 1995 was sufficiently "unrelated" from the other two robberies to count as a separate predicate offense. As the district court stated, the 1995 case involved "distinct indictments relating to distinct robberies that occurred on distinct locations and times." The district court was correct. The first robbery at issue occurred on July 3, 1995, when Schumann robbed the American Federal Savings Bank in Las Vegas, Nevada. On August 10, 1995, Schumann robbed the Commercial Federal Bank in Littleton, Colorado.

On August 21, Schumann robbed the Colorado National Bank in Lakewood, Colorado. Schumann was sentenced for these three robberies on the same day and by the same judge, and he was given identical concurrent sentences for all three robberies. However, a formal consolidation order was never entered. Given the temporal and geographic distinctness of the robberies and the absence of a formal consolidation order, we conclude under our deferential standard of review that the district court did not err in concluding that the offenses were unrelated and that they had not been "consolidated ... for sentencing" within the meaning of U.S.S.G. § 4A1.2 cmt. n. 3. *Cf. United States v. Chapnick,* 963 F.2d 224, 229 n. 6 (9th Cir.1992) (granting an assertion of functional consolidation in part because the district court had concluded that the underlying offenses were factually related).

Given this determination, the district court properly concluded that Schumann qualified as a career offender under U.S.S.G. § 4B1.1. Because the 1995 robberies suffice to qualify Schumann as a career offender, we need not reach Schumann's assertion that the 1987 burglary was not a "crime of violence."

**AFFIRMED.**

REINHARDT, Circuit Judge, dissenting:

I dissent. I believe that a fair application of United States Sentencing Guideline (U.S.S.G.) § 4A1.2, as construed in *United States v. Asberry,* 394 F.3d 712, 718 (9th Cir.2005) and *United States v. Chapnick,* 963 F.2d 224, 228 (9th Cir.1992), compels the conclusion that the 1995 bank robberies were "functionally consolidated." The factors we must apply overwhelmingly favor the defendant. Incidentally, I would think that the fact that the district court did not issue an order of consolidation would be irrelevant.[1] Had it done so, I assume that the cases would have been actually consolidated (not just "functionally consolidated") and thus would necessarily qualify under U.S.S.G. § 4A1.2 comment n. 3, part C.

---

**1.** I recognize that we have previously listed this item as a factor. Nevertheless, I fail to understand its role in a "functional consolidation" case.